CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Michael S. Morrison (SBN 205320)<br>ALEXANDER KRAKOW + GLICK LLP<br>401 Wilshire Boulevard, Suite 1000<br>Santa Monica, California 90401<br>TELEPHONE NO.: 310 394 0888   FAX NO.: 310 394 0811<br>ATTORNEY FOR (Name): Plaintiffs, JOHN FOWLER, et al. | ENDORSED<br>FILED<br>ALAMEDA COUNTY<br><br>SEP 1 6 2016<br><br>CLERK ... COURT<br>*Maria Carrera*<br>By<br>MARIA CARRERA, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **ALAMEDA**
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, California 94612
BRANCH NAME: Rene C. Davidson Courthosue

CASE NAME:
Fowler, et al. v. Penske Logistics, LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | RG16831421<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [X] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [X] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [X] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   - a. [X] Large number of separately represented parties
   - b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   - c. [X] Substantial amount of documentary evidence
   - d. [X] Large number of witnesses
   - e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   - f. [X] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action (specify):  Violation of Labor Codes §§ 203; 204; 216;226; 512;1194;1194.2;etc.
5. This case [X] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: September 16, 2016
Michael S. Morrison
_____
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

*Civil Cover Sheet 9-16-16*

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one box** for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

F. ADDENDUM TO CIVIL CASE COVER SHEET

*Unified Rules of the Superior Court of California, County of Alameda*

| Short Title:  Fowler, et al. v.Penske Logistics, LLC, et al. | Case Number: |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW <u>UNLIMITED</u> CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

[X] Oakland, Rene C. Davidson Alameda County Courthouse  (446)
[ ] Hayward Hall of Justice  (447)
[ ] Pleasanton, Gale-Schenone Hall of Justice  (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | **Is this an uninsured motorist case?  [ ] yes  [ ] no** | | |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (<u>not</u> asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [X] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [X] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial | **Is the deft. in possession** |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential | **of the property?** |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs | **[ ] Yes   [ ] No** |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | **Is this a CEQA action (Publ.Res.Code section 21000 et seq)  [ ] Yes  [ ] No** | | |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |



CORPORATION SERVICE COMPANY®

**null / ALL**
**Transmittal Number: 15665024**
**Date Processed: 09/23/2016**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Janice Kloc<br>Penske Truck Leasing Co.<br>Route 10-Green Hills<br>PO Box 563<br>Reading, PA 19603-0563 |
| **Electronic copy provided to:** | Joann Sullivan |

| | |
|---|---|
| **Entity:** | Penske Logistics LLC<br>Entity ID Number  2112321 |
| **Entity Served:** | Penske Logistics, LLC |
| **Title of Action:** | John Fowler vs. Penske Logistics, LLC |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Alameda County Superior Court, California |
| **Case/Reference No:** | RG16831421 |
| **Jurisdiction Served:** | Delaware |
| **Date Served on CSC:** | 09/22/2016 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Michael S. Morrison<br>310-394-0888 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscglobal.com



*C 52*

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PENSKE LOGISTICS, LLC, a limited liability corporation, and DOES 1-100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* JOHN FOWLER, an individual, ARTHUR STUCK, an individual, JAVIER CARBAJAL, an individual, ELISEO BEDOY, an individual, and JAMES MULLER, an individual, on behalf of themselves and all others similarly situated, and the general public,

ENDORSED
FILED
ALAMEDA COUNTY

SEP 1 6 2016

CLERK OF THE SUPERIOR COURT
By *Maria Carrera*
MARIA CARRERA, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Rene C. Davidson Courthouse<br>Superior Court, State of California<br>1225 Fallon Street, Oakland, California 94612 | CASE NUMBER:<br>*(Número del Caso):*<br>R G 1 6 8 3 1 4 2 1 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

| DATE: SEP 1 6 2016 | Chad Finke | Clerk, by | Maria Carrera | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Penske Logistics LLC
   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☑ other *(specify):* LLC
4. ☑ by personal delivery on *(date):*

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

1  **ALEXANDER KRAKOW + GLICK LLP**
   Michael S. Morrison (State Bar No. 205320)
2  401 Wilshire Boulevard, Suite 1000
   Santa Monica, California 90401
3  T: 310 394 0888 | F: 310 394 0811
   E: mmorrison@akgllp.com
4  **M.R. PARKER LAW, P.C.**
5  Michael Parker (State Bar No. 271242)
   21700 Oxnard Street, Suite 2080
6  Woodland Hills, CA 91367
   T: 818 334 5711 | F: 818 394 6448
7  E: michael@mrparkerlaw.com

8  **SEPULVEDA SANCHEZ LAW, PC**
   Gabriel Sepulveda-Sanchez (State Bar No. 283326)
9  3320 W. Victory Blvd.
   Burbank, CA 91505
10 T: 213 426 1051 | F: 213 426 1052
   E: gabriel@sepulvedalawgroup.com
11

12 Attorneys for Plaintiffs JOHN FOWLER, ARTHUR STUCK,
   JAVIER CARBAJAL, ELISEO BEDOY, and JAMES
13 MULLER, individually, on behalf of themselves and all others
   similarly situated, and the general public
14


ENDORSED
FILED
ALAMEDA COUNTY

SEP 1 6 2016

CLERK ...... R COURT
By _____
   MARIA CARRERA, Deputy

15         **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
                **IN AND FOR THE COUNTY OF ALAMEDA**
16

17 JOHN FOWLER, an individual, ARTHUR   Case No.   RG16831421
   STUCK, an individual, JAVIER
18 CARBAJAL, an individual, ELISEO      **CLASS ACTION COMPLAINT FOR**
   BEDOY, an individual, and JAMES      **DAMAGES AND INJUNCTIVE RELIEF**
19 MULLER, an individual, on behalf of
20 themselves and all others similarly situated,   1.  **FAILURE TO PAY MEAL AND**
   and the general public,                            **REST PERIOD COMPENSATION**
21                                                     **(CAL. LABOR CODE §§ 226.7, 512)**

22        Plaintiffs,                             2.  **FAILURE TO PAY**
                                                      **COMPENSATION FOR ALL**
23        v.                                          **HOURS WORKED AND MINIMUM**
                                                      **WAGE VIOLATIONS (CAL. LABOR**
24 PENSKE LOGISTICS, LLC, a limited                   **CODE §§ 216, 1194, 1194.2, 1197)**
   liability corporation, and DOES 1-100,
25                                                3.  **FAILURE TO PROVIDE**
26        Defendants.                                 **ACCURATE ITEMIZED**
                                                      **STATEMENTS (CAL. LABOR**
27                                                    **CODE § 226)**

28                                                - 1 -

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

|  |  |
|---|---|
| 1 | 4. **WAITING TIME PENALTIES (CAL.** |
| 2 | **LABOR CODE § 203)** |
| 3 | 5. **FAILURE TO PAY ALL WAGES BY** |
| 4 | **THE APPROPRIATE PAY PERIOD** |
|  | **(CAL. LABOR CODE § 204)** |
| 5 | 6. **PRIVATE ATTORNEY GENERAL** |
| 6 | **ACT (CAL. LABOR CODE §§ 2698,** |
|  | **ET SEQ.)** |
| 7 | 7. **UNFAIR BUSINESS PRACTICES** |
| 8 | **(CALIFORNIA BUSINESS &** |
|  | **PROFESSIONS CODE § 17200, ET** |
| 9 | **SEQ.)** |
| 10 | **DEMAND FOR JURY TRIAL** |
| 11 |  |

12      Plaintiffs JOHN FOWLER, ARTHUR STUCK, JAVIER CARBAJAL, ELISEO BEDOY,

13   and JAMES MULLER (collectively "PLAINTIFFS"), as individuals, on behalf of themselves and

14   all others similarly situated, and the general public, complain and allege on information and belief

15   the following against PENSKE LOGISTICS, LLC, a limited liability corporation, and DOES 1-

16   100 (collectively "DEFENDANTS"):

17                                    **INTRODUCTION**

18      1.      This case arises out of DEFENDANTS' systematic, company-wide, unlawful

19   treatment of PLAINTIFFS and hundreds of similarly situated employees in violation of numerous

20   provisions of the California Labor Code and California's Unfair Compensation Law (Business

21   and Professions Code Section 17200 et seq. ["UCL"]).

22      2.      Defendant PENSKE LOGISTICS, LLC operates supply chain management and

23   logistics services for various vendors at warehouse, delivery, and distribution terminals in

24   California and worldwide.  DEFENDANTS offer supply chain management solutions, including

25   lead logistics and consulting services; warehousing and distribution services, such as warehouse

26   design, warehouse operations, and network design; and transportation services, including

27   dedicated contract carriage, transportation management solutions, and freight brokerage.

28

<center>- 2 -</center>

1   PLAINTIFFS and all other similarly situated employees are current or former California based

2   delivery truck drivers ("drivers") employed by DEFENDANTS.

3          3.      PLAINTIFFS allege in this lawsuit that they and other drivers were not provided

4   with lawful meal and rest periods as required by California state law.  PLAINTIFFS also allege

5   that truck drivers paid an hourly rate of pay were not compensated at the applicable state

6   minimum wage for all time worked.  DEFENDANTS failed to compensate PLAINTIFFS and

7   other hourly truck drivers for pre-trip work, including the time to obtain paperwork for the day

8   and conduct pre-trip inspections, and for post-trip work, including post-trip inspections and the

9   time necessary to complete required paperwork at the end of shifts.  PLAINTIFFS further allege

10  that they and other similarly situated drivers at the Patterson Terminal – i.e. CVS contract – were

11  not paid the minimum wage for all time work based on DEFENDANTS' use of an unlawful

12  piece-rate compensation plan that did not separately compensate drivers for non-piece rate work,

13  including rest periods, and pre-and post-trip work.

14         4.      This action further alleges that DEFENDANTS have violated California Business

15  and Professions Code Section 17200, et seq., based on their violations of California's Labor laws

16  pertaining to the payment of wages.

17         5.      The violations described in this lawsuit entitle PLAINTIFFS and the PLAINTIFF

18  CLASS to unpaid wages, including minimum wage, all applicable statutory and civil penalties,

19  including civil penalties recoverable pursuant to the Private Attorney General Act ("PAGA"),

20  attorneys' fees, costs, and interest as well as injunctive relief.  PLAINTIFFS, on behalf of the

21  PLAINTIFF CLASS (defined below), also seek to certify their non-PAGA claims under

22  California Code of Civil Procedure Section 382.  With respect to the PAGA claim, PLAINTIFFS

23  intend to pursue a representative action on behalf of all aggrieved employees like PLAINTIFFS.

24                              **JURISDICTION AND VENUE**

25         6.      The Court has personal jurisdiction over DEFENDANTS because they are doing

26  business in the state of California.  Defendant PENSKE LOGISTICS, LLC, is subject to personal

27  jurisdiction as a limited liability corporation conducting substantial and continuous commercial

28

                                        - 3 -

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

activities in California. This case arises from DEFENDANTS' wrongful conduct in California, where DEFENDANTS employed PLAINTIFFS and members of the proposed PLAINTIFF CLASS (defined below).

7. Venue is proper in this Court in accordance with Section 395(a) of the California Code of Civil Procedure because some of the harms to PLAINTIFFS and the PLAINTIFF CLASS occurred in Alameda County. Moreover, PLAINTIFFS are informed and believe and thereon allege that DEFENDANT PENSKE LOGISTICS, LLC, an out-of-state, limited liability corporation, has not designated a principal place of business in California, which means it can be sued in any county.

### PARTIES

8. Plaintiff JOHN FOWLER is a resident of Tracy, California in San Joaquin County. JOHN FOWLER was formerly employed by DEFENDANTS as a driver at the Patterson Terminal from approximately April 2010 to July 2013.

9. Plaintiff ARTHUR STUCK ("STUCK") is a resident of Modesto, California in Stanislaus County. ARTHUR STUCK is currently employed by DEFENDANTS as a driver at the Patterson Terminal from approximately 2008 to the present.

10. Plaintiff JAVIER CARBAJAL ("CARBAJAL") is a resident of Stockton, California in San Joaquin County. JAVIER CARBAJAL was formerly employed by DEFENDANTS as a driver at the Patterson Terminal from approximately June 2010 to June 2015; at the Stockton Terminal from approximately 2010 to 2014; and at the Ontario Terminal in 2014.

11. Plaintiff ELISEO BEDOY ("BEDOY") is a resident of Modesto, California in Stanislaus County. ELISEO BEDOY was formerly employed by DEFENDANTS as a driver at the Patterson Terminal from approximately September 2010 to August 2014.

12. Plaintiff JAMES MULLER ("MULLER") is a resident of Patterson, California in Stanislaus County. Plaintiff MULLER is currently employed by DEFENDANTS as a driver at the Patterson Terminal from approximately 2007 to the present.

- 4 -

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

13.     PLAINTIFFS are informed, believe, and allege that DEFENDANTS have been doing business in California at all relevant times. Defendant PENSKE LOGISTICS, LLC, is a Delaware limited liability corporation which has been doing business in California at all relevant times.

14.     Section 2(G) of Industrial Wage Commission ("IWC") Order Number 9-2004 defines an "employer" as any "person as defined in Section 18 of the [California] Labor Code, who directly or indirectly, or through an agent or any other person, employs or exercises control over the wages, hours, or working conditions of any person." PLAINTIFFS are informed, believe, and allege that DEFENDANTS directly, indirectly, or acting through the agency of each other, employ or exercise control over the wages, hours, or working conditions of PLAINTIFFS and the rest of the class. Furthermore, on information and belief, a centralized payroll and accounting system is used to pay the wages of PLAINTIFFS and all members of the class at all DEFENDANTS' locations in California. Specifically, DEFENDANTS pay the wages and other benefits of all PLAINTIFF CLASS members and direct and control, with the assistance of or through the other named DEFENDANTS, the terms and conditions of all class members' employment. Accordingly, DEFENDANTS are deemed joint employers of PLAINTIFFS and the rest of the PLAINTIFF CLASS.

15.     The true names and capacities of Defendants named as DOES 1-100, inclusive, whether individual, corporate, associate, or otherwise, are unknown to PLAINTIFFS, who therefore sue such Defendants by such fictitious names. PLAINTIFFS will amend this Complaint to show true names and capacities when they have been determined.

16.     At all times mentioned, DEFENDANTS, and each of them, were the agents, representatives, employees, successors, assigns, parents, subsidiaries, and / or affiliates, each of the other and, at all pertinent times, were acting within the course and scope of their authority as such agents, representatives, employees, successors, assigns, parents, subsidiaries, and / or affiliates. PLAINTIFFS also allege that DEFENDANTS were, at all relevant times, the alter egos of each other. All references made to DEFENDANTS herein is intended to include all of the

- 5 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

named Defendants as well as the DOE Defendants. Each of the fictitiously named DOE Defendants is responsible in manner for the occurrences alleged and proximately caused PLAINTIFFs' damages as well as damages of members of the class.

## CLASS ACTION ALLEGATIONS

17.     PLAINTIFFS bring this action on behalf of themselves and all others similarly situated as a class action pursuant to California Code of Civil Procedure Section 382, on behalf of the following Class: **All persons who worked for DEFENDANTS in California as truck drivers at any time within four (4) years prior to filing this complaint until final judgment, excluding drivers who worked for DEFENDANTS in connection with the Whirlpool contract which is the subject of the litigation *Dilts v. Penske Logistics, LLC*, Case No. 08-CV-318 JLS (BLM)** (referred to hereinafter as the "PLAINTIFF CLASS").

18.     Within the PLAINTIFF CLASS, there is one subclass, defined as follows:

  a.  **All California citizens who work(ed) as truck drivers at DEFENDANTS' Patterson Terminal in the State of California, and who were paid on a piece-rate basis, at any time within four (4) years prior to the filing of this of this Complaint until the final judgment ("PIECE-RATE CLASS").**

19.     **Numerosity and Ascertainability:** The members of the PLAINTIFF CLASS are so numerous that joinder of all members would be unfeasible and impracticable. The membership of the entire class is greater than 100 individuals, but the identity of such membership is readily ascertainable via inspection of the personnel records and other documents maintained by DEFENDANTS.

20.     **Common Questions of Law and Fact:** There are common questions of law and fact as to members of the class which predominate over questions affecting only individual members, including, without limitation:

  A.      Whether DEFENDANTS denied PLAINTIFFS, the PLAINTIFF CLASS, and the PIECE-RATE CLASS all of the wages to which they are entitled pursuant to the

- 6 -

California Labor Code, the California Industrial Welfare Commission's ("IWC") Wage Orders, and all other applicable Employment Laws and Regulations.

        B.     Whether DEFENDANTS failed to make meal and rest periods available to PLAINTIFFS and members of the PLAINTIFF CLASS as required by law and/or paid compensation in lieu thereof;

        C.     Whether DEFENDANTS failed to pay the required state minimum wage to PLAINTIFFS, the PLAINTIFF CLASS, and the PIECE-RATE CLASS for every hour where work was performed;

        D.     Whether DEFENDANTS violated California Labor Code Section 204 by failing to pay all wages earned in a timely manner;

        E.     Whether DEFENDANTS failed to provide PLAINTIFFS and members of the PLAINTIFF CLASS with accurate itemized statements;

        F.     Whether DEFENDANTS owe PLAINTIFFS and members of the PLAINTIFF CLASS waiting time penalties pursuant to California Labor Code Section 203;

        G.     Whether DEFENDANTS engaged in unfair business practices under Section 17200, *et seq.*, of the California Business and Professions Code;

        H.     The effect upon and the extent of damages suffered by members of the PLAINTIFF CLASS and the appropriate amount of compensation.

    21.    **Typicality and Adequacy of Representation:** The claims PLAINTIFFS plead as class action claims are typical of the claims of all members of the PLAINTIFF CLASS as they arise out of the same course of conduct and are predicated on the same violation(s) of the law. PLAINTIFFS, as representative parties, will fairly and adequately protect the interests of the class by vigorously pursuing this suit through their attorneys who are skilled and experienced in handling matters of this type.

    22.    The nature of this action and the nature of the laws available to the PLAINTIFF CLASS make use of the class action format, a particularly efficient and appropriate procedure to afford relief to members of the PLAINTIFF CLASS. Further, this case involves a corporate

employer and a large number of individual employees possessing claims with common issues of law and fact. If each employee were required to file an individual lawsuit, the corporate Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual Plaintiff with their vastly superior financial and legal resources. Requiring each class member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to pursue an action against their present and/or former employer for an appreciable and justifiable fear of retaliation and permanent damage to their careers at present and/or subsequent employment. Proof of a common business practice or factual pattern, of which the named PLAINTIFFS experienced, is representative of the PLAINTIFF CLASS and will establish the right of each of the members of the PLAINTIFF CLASS to recovery on these alleged claims.

23.     The prosecution of separate actions by the individual members of the PLAINTIFF CLASS, even if possible, would create: (a) a substantial risk of inconvenient or varying verdicts or adjudications with respect to the individual members of the PLAINTIFF CLASS against the DEFENDANTS; and/or (b) legal determinations with respect to the individual members of the PLAINTIFF CLASS which would, as a practical matter, be dispositive of the other class members' claims who are not parties to the adjudications and/or would substantially impair or impede the ability of class members to protect their interests. Further, the claims of the individual members of the PLAINTIFF CLASS are not sufficiently large to warrant vigorous individual prosecution considering all of the associated concomitant costs and expenses. PLAINTIFFS are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

### FACTS COMMON TO ALL CAUSES OF ACTION

24.     PLAINTIFFS and members of the PLAINTIFF CLASS worked as California based truck drivers and are current or former employees of DEFENDANTS who worked at DEFENDANTS' California locations. All PLAINTIFFS worked at the Patterson Terminal. In

- 8 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

addition to the Patterson Terminal, Plaintiff CARBAJAL also worked at the Stockton Terminal and the Ontario Terminal.

     25.     Throughout PLAINTIFFs' and PLAINTIFF CLASS members' employment with DEFENDANTS, DEFENDANTS routinely failed to provide PLAINTIFFS and members of the PLAINTIFF CLASS with meal or rest periods or compensation in lieu thereof as required by California law.

     26.     Specifically, DEFENDANTS fail to provide a meal period where drivers are relieved of their duty for a thirty (30) minute period within the first five (5) hours of their shift or pay the premium compensation for the missed or late meal period.

     27.     This is because DEFENDANTS only observe federal Hours of Service ("HOS") requirements and instruct drivers to take a meal period before the conclusion of the eighth hour instead of the fifth. Specifically, drivers were instructed to take their meal period after the sixth hour and before the eighth hour of their shift, instead of before the conclusion of the fifth hour as required by California law. In fact, prior to this year, Defendant PENSKE LOGISTICS, LLC emphasized that drivers should take their meal break on or near the eighth hour, which would prevent drivers from becoming entitled to a second meal period for longer shifts under federal HOS rules.

     28.     Even if drivers wanted to take their meal period before the conclusion of the fifth hour, Defendant PENSKE LOGISTICS, LLC dissuaded and discouraged drivers from doing so by overloading their schedules with demanding deliveries and assignments. Given the heavy volume of work and pressure to make on-time deliveries, it is difficult -- if not impossible -- for drivers to take a meal period before the conclusion of the fifth hour and also meet all delivery deadlines. Drivers could face discipline for not completing their deliveries and assignments in a timely fashion.

     29.     In addition, drivers never receive a second meal period for shifts in excess of ten (10) hours and also do not receive the premium compensation for the missed second meal period. As noted above, drivers were instructed to take their first meal period between the sixth and

- 9 -

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

1  eighth hours of their shift, which would ensure that they would not become entitled to a second

2  meal period if they drove the maximum of fourteen (14) hours in a day.  There is no evidence that

3  PLAINTIFFS or PLAINTIFF CLASS members have agreed to waive their right to a second meal

4  period with respect to shifts lasting more than ten (10) hours but less than twelve (12) hours.

5      30.    Moreover, DEFENDANTS fail to provide rest periods or compensate

6  PLAINTIFFS and members of the PLAINTIFF CLASS for missed rest periods despite their

7  knowledge that such periods are not made available to them.  Specifically, pursuant to established

8  policies and procedures applicable to PLAINTIFFS and all members of the PLAINTIFF CLASS,

9  DEFENDANTS fail to provide drivers with a ten (10) minute, work-free rest period for shifts

10  lasting between two (2) and six (6) hours.  They are also not provided a second rest period for

11  shifts lasting six (6) to ten (10) hours or a third rest period for shifts in excess of ten (10) hours.

12  DEFENDANTS did not pay PLAINTIFFS or members of the PLAINTIFF CLASS the premium

13  compensation for these missed rest periods despite knowing that such rest periods have not been

14  made available to PLAINTIFFS and members of the PLAINTIFF CLASS.

15      31.    In addition to violating California's wage and hour laws with respect to meal and

16  rest periods, Defendant PENSKE LOGISTICS, LLC fails to pay drivers the applicable state

17  minimum wage for all hours worked at the Patterson Terminal.  In California, by law, any time

18  which is not compensated automatically constitutes a minimum wage violation.  (See *Armenta v.*

19  *Osmose, Inc.* (2005) 135 Cal.App.4th 314, 324).  DEFENDANTS fail to pay members of the

20  PLAINTIFF CLASS who are paid on an hourly basis the required minimum wage for all hours

21  worked despite being under DEFENDANTS' control and performing work which benefits

22  DEFENDANTS.  DEFENDANTS failed to pay PLAINTIFFS and members of the PLAINTIFF

23  CLASS for certain pre-trip work, including the time required to obtain paperwork at the start of

24  drivers' shifts and to conduct a pre-trip inspections. Certain post-work trip was also not

25  compensated, including post-trip inspections and the time required to complete paperwork at the

26  conclusion of shifts. Further, PLAINTIFF and members of the PLAINTIFF CLASS were not

27  compensated for delays caused by breakdowns of their trucks unless the delay exceeded an hour.

28

- 10 -

32.     At the Patterson Terminal, DEFENDANTS compensated PLAINTIFFS and the PIECE RATE CLASS through use of a piece-rate pay system which is based on miles driven ("zone pay") as opposed to an hourly wage method.  The piece-rate system only compensated drivers for time spent driving.  Drivers at the Patterson Terminal were not paid for other time during which they were under the employer's control, including pre- and post-trip inspections, filling out paperwork, and waiting to get assignments, rest periods, and delays.

33.     DEFENDANTS also provided inaccurate wage statements to PLAINTIFFS and members of the PLAINTIFF CLASS.  The wage statements do not show the correct total hours worked, the correct gross pay earned, and the correct net wages earned, among other deficiencies. This causes injury because it makes it more difficult for PLAINTIFFS and members of the PLAINTIFF CLASS to determine what compensation they are owed but were not paid.

34.     PLAINTIFFS and members of the PLAINTIFF CLASS were also not provided with all wages due upon termination or resignation.  This is prohibited practice in California.

35.     Overall, DEFENDANTS' violations of the law were willful and done according to DEFENDANTS' established policies and procedures, as applicable to PLAINTIFFS and all members of the PLAINTIFF CLASS.

## FIRST CAUSE OF ACTION

FAILURE TO PAY MEAL AND REST PERIOD COMPENSATION

(Cal. Lab. Code §§ 226.7, 512)

By PLAINTIFFS in their individual capacities and in their capacities as representatives of all similarly situated members of the PLAINTIFF CLASS against DEFENDANTS.

36.     PLAINTIFFS reallege and incorporate, by reference, as though fully set forth, the allegations contained in paragraphs 1 to 35.

37.     Throughout PLAINTIFFS' employment with DEFENDANTS, DEFENDANTS failed to make available to PLAINTIFFS and members of the PLAINTIFF CLASS uninterrupted, work-free thirty (30) minute meal periods in accordance with the requirements of California law. DEFENDANTS failed to provide a meal period or timely meal period for shifts in excess of five

- 11 -

(5) hours worked, failed to provide a second meal period for shifts in excess of ten (10) hours, and failed to compensate employees for these missed or late meal periods, as required by law.

38.     Throughout PLAINTIFFS' employment with DEFENDANTS, DEFENDANTS failed to make available to PLAINTIFFS and members of the PLAINTIFF CLASS any rest period for shifts lasting four (4) hours or a major fraction thereof, as required by law, and failed to compensate them for missed rest periods.

39.     PLAINTIFFS are informed, believe, and, thereon, allege, that the failure of DEFENDANTS to make available meal and rest periods and to compensate PLAINTIFFS and members of the PLAINTIFF CLASS for these missed meal and rest periods was willful, purposeful, and unlawful and done in accordance with the policies and practices of DEFENDANTS' operations.

40.     As a proximate cause of these violations, PLAINTIFFS and members of the PLAINTIFF CLASS have been damaged in an amount according to proof at the time of trial, but in an amount in excess of the jurisdiction of this Court.  PLAINTIFFS and members of the PLAINTIFF CLASS are entitled to recover the unpaid balance of wages owed, penalties, including penalties available pursuant to California Labor Code Sections 226, 226.7, and 558, interest, reasonable attorney fees, and costs of suit pursuant to California Labor Code Sections 218.5 and 1194, et seq.

### SECOND CAUSE OF ACTION

FAILURE TO PAY COMPENSATION FOR ALL HOURS WORKED AND MINIMUM WAGE VIOLATIONS

(Cal. Lab. Code §§ 216, 1194, 1194.2, 1197)

By PLAINTIFFS in their individual capacities and in their capacities as representatives of all similarly situated members of the PLAINTIFF CLASS and the PIECE-RATE CLASS against DEFENDANTS.

41.     PLAINTIFFS reallege and incorporate, by reference, as though fully set forth, the allegations contained in paragraphs 1 to 40.

- 12 -

42.     PLAINTIFFS brings this action to recover unpaid compensation for all hours worked, defined by the IWC as the time during which an employee is subject to the control of an employer, including all the time the employee suffers or is permitted to work, whether or not required to do so.

43.     DEFENDANTS' conduct described in this Complaint violates California Labor Code Sections 216, 1194, 1194.2, and 1197, among other things.

44.     DEFENDANTS failed to pay PLAINTIFFS and members of the PLAINTIFF CLASS and the PIECE-RATE CLASS minimum wage for all of the actual hours worked even though PLAINTIFFS and members of the PLAINTIFF CLASS and the PIECE-RATE CLASS were providing services to DEFENDANTS and were under DEFENDANTS' control. DEFENDANTS knew or should have known that PLAINTIFFS and members of the PLAINTIFF CLASS and the PIECE-RATE CLASS were working these hours for which they were not paid.

45.     PLAINTIFFS and members of the PLAINTIFF CLASS and the PIECE-RATE CLASS are entitled to recover the unpaid balance of compensation DEFENDANTS owe PLAINTIFFS and members of the PLAINTIFF CLASS and the PIECE-RATE CLASS, plus interest on that amount, liquidated damages pursuant to California Labor Code Section 1194.2, reasonable attorney fees, and costs of this suit pursuant to California Labor Code Section 1194.

46.     PLAINTIFFS and members of the PLAINTIFF CLASS and the PIECE-RATE CLASS are also entitled to additional penalties and/or liquidated damages pursuant to statute.

### THIRD CAUSE OF ACTION

FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS

(Cal. Lab. Code § 226)

By PLAINTIFFS in their individual capacities and in their capacities as representatives of all similarly situated members of the PLAINTIFF CLASS against DEFENDANTS.

47.     PLAINTIFFS reallege and incorporate, by reference, as though fully set forth, the allegations contained in paragraphs 1 to 46.

- 13 -

48.     DEFENDANTS failed to provide PLAINTIFFS and members of the PLAINTIFF CLASS with accurate itemized statements as required by California Labor Code Section 226.

49.     PLAINTIFFS are informed, believe, and allege that the failure of DEFENDANTS to provide accurate itemized wage statements was knowing and intentional.  PLAINTIFFS and members of the PLAINTIFF CLASS have suffered injury as a result of DEFENDANTS' actions in this regard in that they must expend additional time and incur expenses that otherwise would not have been expended or incurred in order to determine the amount of wages they are owed but were never paid.  As a result, PLAINTIFFS and members of the PLAINTIFF CLASS are entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) and are entitled to an award of costs and reasonable attorney fees.

## FOURTH CAUSE OF ACTION

WAITING TIME PENALTIES

(Cal. Lab. Code § 203)

By PLAINTIFFS in their individual capacities and in their capacities as representatives of all similarly situated members of the PLAINTIFF CLASS against DEFENDANTS.

50.     PLAINTIFFS reallege and incorporate, by reference, as though fully set forth, the allegations contained in paragraphs 1 to 49.

51.     Pursuant to California Labor Code Section 201, if an employer discharges an employee, the wages earned and unpaid at the time of the discharge are due and payable immediately.  Pursuant to California Labor Code Section 202, if an employee quits his or her employment, the wages earned and unpaid at the time of the discharge are due and payable within seventy-two (72) hours of resignation.

52.     PLAINTIFFS and members of the PLAINTIFF CLASS were either terminated by DEFENDANTS or have resigned from their employment with DEFENDANTS.  To this day,

- 14 -

PLAINTIFFS and members of the PLAINTIFF CLASS have not received all of the wages and other compensation they rightfully earned.

53.     DEFENDANTS, and each of them, willfully refused and continue to refuse to pay PLAINTIFFS and members of the PLAINTIFF CLASS all wages earned, including overtime compensation, in a timely manner, as required by California Labor Code Section 203. PLAINTIFFS therefore request restitution and penalties pursuant to California Labor Code Section 203.

## FIFTH CAUSE OF ACTION

### FAILURE TO PAY ALL WAGES BY THE APPROPRIATE PAY PERIOD

#### (Cal. Lab. Code § 204)

By PLAINTIFFS in their individual capacities and in their capacities as representatives of all similarly situated members of the PLAINTIFF CLASS against DEFENDANTS.

54.     PLAINTIFFS reallege and incorporate, by reference, as though fully set forth, the allegations contained in paragraphs 1 to 53.

55.     During the Class Period, Labor Code Section 204 applied to DEFENDANTS' employment of PLAINTIFFS and members of the PLAINTIFF CLASS.  At all relevant times, California Labor Code Section 204 provided that all wages earned by any employee, such as PLAINTIFFS and members of the PLAINTIFF CLASS, in any employment between the first (1st) and fifteenth (15th) days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the sixteenth (16th) and twenty-sixth (26th) day of the month during which the work was performed.  Furthermore, at all relevant times, California Labor Code Section 204 provides that all wages earned by any employee, such as PLAINTIFFS and any member of the PLAINTIFF CLASS, in any employment between the sixteenth (16th) and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the first (1st) and tenth (10th) day of the following month.

- 15 -

56.     During the Class Period, DEFENDANTS failed to pay PLAINTIFFS and members of the PLAINTIFF CLASS wages for all hours worked.

57.     During the Class Period, DEFENDANTS failed to pay PLAINTIFF and members of the PLAINTIFF CLASS for all wages earned, and, therefore, violating California Labor Code Section 204.  Accordingly, PLAINTIFFS and members of the PLAINTIFF CLASS are entitled to recover all damages, penalties, and other remedies available for violation of California Labor Code Section 204.

### SIXTH CAUSE OF ACTION

PRIVATE ATTORNEY GENERAL ACT

(Cal. Lab. Code §§ 201-203, 204, 210, 216, 225.5, 226.3, 226.7, 512, 558, 558.1,1174, 1174.5, 1194, 1197, 1197.1, 1199, 2699, et seq.)

By PLAINTIFFS in their individual capacities and in their capacities as representative of all similarly situated members of the PLAINTIFF CLASS against DEFENDANTS.

58.     PLAINTIFFS reallege and incorporate, by reference, as though fully set forth, the allegations contained in paragraphs 1 to 57.

59.     PLAINTIFFS, individually and on behalf of both the PLAINTIFF CLASS and the general public, allege that on or about July 19, 2016, they provided written notice to the Labor and Workforce Development Agency ("LWDA") and DEFENDANTS of the specific violations of the California Labor Code that DEFENDANTS have violated and continue to violate. PLAINTIFFS provided a supplemental notice to the LWDA on September 13, 2016.

60.     The LWDA did not respond to PLAINTIFFS within 60 days of receiving PLAINTIFF's notice.

61.     Pursuant to California Labor Code Section 2699.3(a)(2)(A), PLAINTIFFS have exhausted all administrative procedures required of them under California Labor Code Sections 2698, 2699, and 2699.3.  As a result, PLAINTIFFS are justified as a matter of right in bringing forward this cause of action.

- 16 -

62.     As a result of all of these alleged acts, PLAINTIFFS seek penalties under California Labor Code Sections 2698 and 2699 because of DEFENDANTS' violations of numerous provisions of the California Labor Code.

63.     Pursuant to California Labor Code Section 2699, PLAINTIFFS should be awarded twenty-five percent (25%) of all penalties due under California Law, including attorney fees and costs.

### SEVENTH CAUSE OF ACTION

UNFAIR BUSINESS PRACTICES

(Cal. Bus. & Prof. Code § 17200, et seq.)

By PLAINTIFFS in their individual capacities and in their capacities as representative of all similarly situated members of the PLAINTIFF CLASS against DEFENDANTS.

64.     PLAINTIFFS reallege and incorporate, by reference, as though fully set forth, the allegations contained in paragraphs 1 to 63.

65.     DEFENDANTS' violations of the employment laws and regulations, as alleged in this Complaint, include, among other things, DEFENDANTS': (1) failure and refusal to provide legally compliant meal and rest periods or compensation in lieu thereof; and (2) failure and refusal to pay the minimum wage for all hours worked. The aforementioned violations constitute unfair business practices in violation of the Unfair Competition Law, codified in California Business and Professions Code Section 17200, et seq.

66.     As a result of DEFENDANTS' unfair business practices, DEFENDANTS have reaped unfair benefits and illegal profits at the expense of PLAINTIFFS, members of the PLAINTIFF CLASS, and members of the general public. DEFENDANTS should be compelled to restore such monies to PLAINTIFFS and members of the PLAINTIFF CLASS. In addition, injunctive relief, both preliminary and permanent, should be granted in order to stop the unlawful labor practices and violations of the California Labor Code discussed herein.

- 17 -

## PRAYER FOR RELIEF

**WHEREFORE**, PLAINTIFFS pray for relief as follows:

1.  That the Court determines Causes of Action 1-5 and 7 may be maintained as a class action and for Cause of Action 6 to be maintained as a representative action;

2.  For payment of all wages owed to PLAINTIFFS and the PLAINTIFF CLASS, including, but not limited to, all overtime pay and minimum wage pay;

3.  For restitution of all wages, including minimum wage pay, due to PLAINTIFFS and PLAINTIFF CLASS from the unlawful business practices;

4.  For waiting time penalties pursuant to California Labor Code § 203;

5.  For all statutory and civil penalties recoverable by law, including those available under Labor Code §§ 2698, *et seq.*;

6.  For interest accrued to date;

7.  For costs of the suit incurred;

8.  For attorney fees and costs pursuant to California Labor code Sections 218.5, 226, 1021.5, 1194 and all other applicable law;

9.  For Injunctive relief to stop the unlawful labor and employment practices; and

10. For such other and further relief that the Court may deem just and proper.

Dated: September 16, 2016

ALEXANDER KRAKOW + GLICK, LLP

By: _____

Michael S. Morrison
Attorney for Plaintiffs JOHN FOWLER,
ARTHUR STUCK, JAVIER CARBAJAL,
ELISEO BEDOY, and JAMES MULLER,
individually, on behalf of themselves and all others
similarly situated, and the general public

- 18 -

CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL

1
## DEMAND FOR JURY TRIAL

2
PLAINTIFFS and members of the PLAINTIFF CLASS further request a trial by jury on

3
all issues so triable.

4

5

6
Dated: September _16_, 2016                    ALEXANDER KRAKOW + GLICK, LLP

7

8
                                               By: _____

9
                                               Michael S. Morrison
                                               Attorney for Plaintiffs JOHN FOWLER,

10
                                               ARTHUR STUCK, JAVIER CARBAJAL,
                                               ELISEO BEDOY, and JAMES MULLER,

11
                                               individually, on behalf of themselves and all others
                                               similarly situated, and the general public

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                          - 19 -

*14855124*

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| MICHAEL S. MORRIS, ESQ.  SBN 205320<br>401 WILSHIRE BLVD., STE. 1000<br>SANTA MONICA, CA  90401<br>TELEPHONE NO.: 310-394-0888     FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FILED<br>ALAMEDA COUNTY<br>2016 SEP 26 P 1:56<br>*Maria Ramos*<br>CLERK OF THE SUPERIOR COURT<br>BY_____<br>DEPUTY |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ALAMEDA |
|---|
| STREET ADDRESS: 1225 FALLON ST |
| MAILING ADDRESS: OAKLAND, CA 94612 |
| CITY AND ZIP CODE: |
| BRANCH NAME: |

| PLAINTIFF/PETITIONER: JOHN FOWLER | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: PENSKE LOGISTICS, LLC | RG16831421 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No : |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* CIVIL CASE COVER SHEET ADDENDUM

3. a. Party served *(specify name of party as shown on documents served):*
      PENSKE LOGISTICS, LLC

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      LYNANNE GARES (AUTHORIZED PERSON AT REGISTERED AGENT)

4. Address where the party was served:
   C/O CSC 2711 CENTERVILLE RD. WILMINGTON, DE 19808

5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):* 09/22/16   (2) at *(time):*  3:15 PM
   b. ☐ **by substituted service.** On *(date):*        at *(time):*        I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*        from *(city):*        or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

American LegalNet. Inc.
www.FormsWorkflow.com

| PLAINTIFF/PETITIONER: JOHN FOWLER | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: PENSKE LOGISTICS, LLC | RG16831421 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the
address shown in item 4, by first-class mail, postage prepaid,

   (1)  on *(date):*                                    (2)  from *(city):*

   (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed
to me.  *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)
   (4)  ☐  to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

   d.  ☐  **by other means** *(specify means of service and authorizing code section):*


   ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
   a.  ☐  as an individual defendant.
   b.  ☐  as the person sued under the fictitious name of *(specify):*
   c.  ☐  as occupant.
   d.  ☑  On behalf of *(specify):*  PENSKE LOGISTICS, LLC
       under the following Code of Civil Procedure section:

   ☐  416.10 (corporation)              ☐  415.95 (business organization, form unknown)
   ☐  416.20 (defunct corporation)      ☐  416.60 (minor)
   ☐  416.30 (joint stock company/association)  ☐  416.70 (ward or conservatee)
   ☐  416.40 (association or partnership)  ☐  416.90 (authorized person)
   ☐  416.50 (public entity)            ☐  415.46 (occupant)
                                        ☑  other:  LLC

7.  **Person who served papers**
   a.  Name:  DENORRIS BRITT
   b.  Address:  PO BOX 1360 WILMINGTON, DE 19899
   c.  Telephone number:  302-475-2600
   d.  **The fee** for service was:  $ 69.00
   e.  I am:
      (1)  ☑  not a registered California process server.
      (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).
      (3)  ☐  a registered California process server:
          (i)  ☐  owner  ☐  employee  ☐  independent contractor.
          (ii)  Registration No.:
          (iii)  County:

8.  ☑  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

      or

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:  09/22/16

DENORRIS BRITT                                          ▶ _____
_____                                    (SIGNATURE )
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

**PROOF OF SERVICE OF SUMMONS**



**CORPORATION SERVICE COMPANY®**

LDD / ALL
**Transmittal Number: 15669873**
**Date Processed: 09/26/2016**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Janice Kloc<br>Penske Truck Leasing Co.<br>Route 10-Green Hills<br>PO Box 563<br>Reading, PA 19603-0563 |
| **Electronic copy provided to:** | Joann Sullivan |

| | |
|---|---|
| **Entity:** | Penske Logistics LLC<br>Entity ID Number  2112321 |
| **Entity Served:** | Penske Logistics, LLC |
| **Title of Action:** | Fowler vs. Penske Logistics, LLC |
| **Document(s) Type:** | Notice of Hearing |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Alameda County Superior Court, California |
| **Case/Reference No:** | RG16831421 |
| **Jurisdiction Served:** | Delaware |
| **Date Served on CSC:** | 09/23/2016 |
| **Answer or Appearance Due:** | 10/25/2016 |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Alexander Krakos * Glick LLP<br>Not shown |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscglobal.com

Alexander Krakow + Glick LLP
Attn: Krakow, Marvin
401 Wilshire Boulevard
Suite 1000
Santa Monica, CA  90401

Penske Logistics, LLC

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Fowler<br><br>Plaintiff/Petitioner(s)<br>vs.<br><br>Penske Logistics, LLC<br>Defendant/Respondent(s)<br>(Abbreviated Title) | No. RG16831421<br><br><br>NOTICE OF HEARING |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 10/25/2016   TIME: 03:00 PM   DEPARTMENT: 30
LOCATION:  U.S. Post Office Building, Second Floor
           201 13th Street, Oakland

Case Management Conference:
DATE: 11/29/2016   TIME: 03:00 PM   DEPARTMENT: 30
LOCATION:  U.S. Post Office Building, Second Floor
           201 13th Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 30 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 268-5104.  Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 30.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.  Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732.  No fee is charged for this service.  For further information, go to **Direct Calendar Departments** at

SEP 22 2016

**http://apps.alameda.courts.ca.gov/domainweb.**

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 30.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 30 by e-mail at Dept.30@alameda.courts.ca.gov or by phone at (510) 268-5104.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated:  09/19/2016            Chad Finke  Executive Officer / Clerk of the Superior Court

                    By

                                                                  Deputy Clerk

---

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

            Executed on 09/19/2016.

                    By

                                                                  Deputy Clerk



# Superior Court of California, County of Alameda
## Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

> The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:
>
> - Indicating your preference on Case Management Form CM-110;
>
> - Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or
>
> - Agree to ADR at your Initial Case Management Conference.
>
> **QUESTIONS?** Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov
> Or visit the court's website at http://www.alameda.courts.ca.gov/adr

### What Are The Advantages Of Using ADR?

- *Faster* –Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorneys' fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

### What Is The Disadvantage Of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

### What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

  o **Court Mediation Program**: Mediators do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediator's regular fees.

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

- o **Private Mediation**: This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

- *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

  - o **Judicial Arbitration Program** (non-binding): The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

  - o **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

## Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**SEEDS Community Resolution Center**
2530 San Pablo Avenue, Suite A, Berkeley, CA  94702-1612
Telephone: (510) 548-2377     Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – **S**ervices that **E**ncourage **E**ffective **D**ialogue and **S**olution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA  94550
Telephone: (925) 373-1035     Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA  94607
Telephone: (510) 768-3100     Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

**ALA ADR-001**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | |

| **SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY** | |
|---|---|
| STREET ADDRESS:<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:<br>BRANCH NAME | |

| PLAINTIFF/PETITIONER: | |
|---|---|
| DEFENDANT/RESPONDENT: | |

| **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS** | CASE NUMBER: |
|---|---|

**INSTRUCTIONS:  All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 1225 Fallon Street, Oakland, CA 94612.

1.  Date complaint filed: _____.  An **Initial Case Management Conference** is scheduled for:

    Date:                              Time:                              Department:

2.  Counsel and all parties certify they have met and conferred and have selected the following ADR process (*check one*):

    ☐ Court mediation          ☐ Judicial arbitration
    ☐ Private mediation        ☐ Private arbitration

3.  All parties agree to complete ADR within 90 days and certify that:

    a.  No party to the case has requested a complex civil litigation determination hearing;
    b.  All parties have been served and intend to submit to the jurisdiction of the court;
    c.  All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
    d.  Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
    e.  Case management statements are submitted with this stipulation;
    f.  All parties will attend ADR conferences; and,
    g.  The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____          ▶ _____
           (TYPE OR PRINT NAME)                              (SIGNATURE OF PLAINTIFF)


Date:

_____          ▶ _____
           (TYPE OR PRINT NAME)                              (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

Page 1 of 2

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

ALA ADR-001

| PLAINTIFF/PETITIONER: | CASE NUMBER.: |
|---|---|
| DEFENDANT/RESPONDENT: | |

Date:

_____        ▶ _____

(TYPE OR PRINT NAME)                          (SIGNATURE OF DEFENDANT)

Date:

_____        ▶ _____

(TYPE OR PRINT NAME)                          (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

*14856504*

POS-020

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>MARVIN KRAKOW, ESQ.  SBN 205320<br>401 WILSHIRE BLVD., STE 1000<br>SANTA MONICA, CA 90401<br><br>TELEPHONE NO.: 310-394-0888       FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* | FOR COURT USE ONLY<br><br>F I L E D<br>ALAMEDA COUNTY<br><br>SEP 2 7 2016<br><br>CLERK OF THE SUPERIOR COURT<br>By *Daanakia*<br>B. OLIVER, Deputy |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 FALLON STREET
MAILING ADDRESS: OAKLAND, CA 94612
CITY AND ZIP CODE:
BRANCH NAME:

PETITIONER/PLAINTIFF: DA FOWLER

RESPONDENT/DEFENDANT: PENSKE LOGISTICS, LLC

| PROOF OF PERSONAL SERVICE—CIVIL | CASE NUMBER:<br>RG16831421 |
|---|---|

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1. I am over 18 years of age and **not a party to this action**.
2. I served the following **documents** *(specify):*

   NOTICE OF HEARING re: COMPLEX DETERMINATION HEARING & CMC AND
   ADR PACKET

   ☐ The documents are listed in the *Attachment to Proof of Personal Service—Civil (Documents Served)* (form POS-020(D)).
3. I personally served the following **persons** at the address, date, and time stated:
   a. Name: PENSKE LOGISTICS, LLC C/O CSC (registered agent)
   b. Address: 2711 CENTERVILLE RD. WILMINGTON, DE 19808   ACCEPTED BY: LYNANNE GARES
   c. Date: 09/23/2016
   d. Time: 4:00 PM

   ☐ The persons are listed in the *Attachment to Proof of Personal Service—Civil (Persons Served)* (form POS-020(P)).
4. I am
   a. ☑ not a registered California process server.
   b. ☐ a registered California process server.
   c. ☐ an employee or independent contractor of a registered California process server.
   d. ☐ exempt from registration under Business & Professions Code section 22350(b).
5. My name, address, telephone number, and, if applicable, county of registration and number are *(specify):*

   KEVIN S. DUNN
   BRANDYWINE PROCESS SERVERS
   PO BOX 1360 WILMINGTON, DE 19899
   800-952-2288
6. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
7. ☐ I am a California sheriff or marshal and certify that the foregoing is true and correct.

Date: 09/23/2016

KEVIN S. DUNN
(TYPE OR PRINT NAME OF PERSON WHO SERVED THE PAPERS)        ▶        (SIGNATURE OF PERSON WHO SERVED THE PAPERS)

| Form Approved for Optional Use<br>Judicial Council of California<br>POS-020 [New January 1, 2005] | **PROOF OF PERSONAL SERVICE—CIVIL** | Code of Civil Procedure, § 1011<br>www.courtinfo.ca.gov |
|---|---|---|

Oct. 24. 2016 11:00AM                               No. 0737   P. 2

1 | Christopher C. McNatt, Jr. (SBN 174559)
cmcnatt@scopelitis.com

2 | Megan E. Ross (SBN 227776)
mross@scopelitis.com

3 | SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2 North Lake Avenue, Suite 460

4 | Pasadena, California 91101
Tel: (626) 795-4700

5 | Fax: (626) 795-4790

6 | Adam C. Smedstad (SBN 303591)
asmedstad@scopelitis.com

7 | SCOPELITIS GARVIN LIGHT HANSON & FEARY, P.C.
30 W. Monroe Street, Suite 600

8 | Chicago, Illinois 60603
Tel: (312) 255-7200

9 | Fax: (312) 422-1224

10 | Attorneys for Defendant,
PENSKE LOGISTICS, LLC

11

**FILED BY FAX**
**ALAMEDA COUNTY**

October 24, 2016

CLERK OF
THE SUPERIOR COURT
By Burt Moskaira, Deputy

CASE NUMBER:
**RG16831421**

12 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

13 | IN AND FOR THE COUNTY OF ALAMEDA

14 | JOHN FOWLER, an individual, ARTHUR STUCK, an individual, JAVIER CARBAJAL, an individual, ELISEO BEDOY, an individual, and JAMES MULLER, an individual, on behalf of themselves and all others similarly situated, and the general public,   ) Case No.: RG16831421

**DEFENDANT PENSKE LOGISTICS, LLC'S ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiffs,

v.

PENSKE LOGISTICS, LLC, a limited liability corporation, and DOES 1-100,

Defendants.

Defendant, Penske Logistics, LLC, answers the Complaint filed September 16, 2016 of Plaintiffs, John Fowler, an individual, Arthur Stuck, an individual, Javier Carbajal, an individual, Eliseo Bedoy, an individual, on behalf of themselves and all others similarly situated, and he general public, as follows:

///

///

1

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure § 431.30(d), Defendant generally and specifically denies each and every allegation of the Complaint and each purported cause of action therein. Without limiting the generality of the foregoing, Defendant specifically denies that Plaintiffs and/or the class they seek to represent, is entitled to any of the relief requested; that Defendant violated any statute or other legal requirement pertaining to compensation paid to Plaintiffs or the putative class specified in the Complaint; that Defendant is guilty of any wrongful conduct or omission; and that any conduct or omissions of Defendant caused any injury or damage to Plaintiffs, and/or the class they seek to represent, in the amount alleged or otherwise.

## AFFIRMATIVE DEFENSES

Pursuant to California Code of Civil Procedure § 431.30(g), Defendant further pleads the following separate and additional defenses to the Complaint, without in any way agreeing or conceding that it has the burden of proof or persuasion of any of these issues or that it is liable for any claims against it:

1. The Complaint fails to state a cause of action against Defendant upon which relief can be granted.

2. Plaintiffs' claims are barred to the extent that Plaintiffs or any person they purport to represent does not reside in, and work primarily in, California because the provisions of the California Labor Code cited in the Complaint apply only to California residents working primarily in California.

3. Even assuming for the sake of argument that Defendant violated a statute in the California Labor Code or California Business & Professions Code, or an Industrial Welfare Commission Wage Order, any such violation was a result of an act or omission in good faith, and Defendant had reasonable grounds for believing such act or omission was not a violation of any statute, order, regulation or policy, in that it had no notice that any of its policies or practices were in violation of the law.

4. Plaintiffs' meal and rest break claims are preempted under the Supremacy Clause of the U.S. Constitution, U.S. CONST. art. VI, cl. 2, because (a) California's meal and rest break rules

2

conflict with the federal hours of service regulations, 49 C.F.R. Part 395, by imposing a different standard than that carefully set at the federal level by the Federal Motor Carrier Safety Administration ("FMCSA"); and (b) the FMCSA's regulation of the hours of service of drivers in interstate commerce through the federal hours of service regulations, 49 C.F.R. Part 395, leaves no room for additional or supplemental state regulation of drivers' hours of service.

5.    Plaintiffs' claims for penalties under California Labor Code § 226 is barred because, even assuming for the sake of argument that Defendant violated § 226, such alleged violation was not knowing and/or intentional on the part of Defendant, and moreover Plaintiffs have failed to show any injury resulting from such alleged violation.

6.    Plaintiffs have failed to state facts sufficient to constitute a claim for waiting time penalties under California Labor Code § 203 to the extent that any person claiming such penalties did not cease providing services prior to the filing of this action or continued to provide services for Defendant at the time this action was filed.

7.    Some or all of Plaintiffs' claims are barred by the applicable statute of limitations.

8.    Plaintiffs' claims regarding Defendant's alleged failure to provide meal break periods under California law are barred because they are an undue burden upon interstate commerce in violation of the Commerce Clause of the U.S. Constitution, U.S. CONST. art. I, § 8, cl. 3.

9.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of preemption, including that Plaintiffs' claims regarding Defendant's alleged failure to provide meal break periods under California law are preempted under the Supremacy Clause of the U.S. Constitution, U.S. CONST. art. VI, cl. 2, because California's meal and rest break rules affect Defendant's rates, routes, and services within the meaning of the express preemption provision of the Federal Aviation Administration Authorization Act ("FAAAA"), 49 U.S.C. § 14501.

10.    Plaintiffs cannot recover alleged unpaid meal break compensation under California Business & Professions Code § 17200 because any payments under Cal. Labor Code § 226.7 are not subject to equitable relief.

///

///

3

DEFENDANT PENSKE LOGISTICS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

11.     Plaintiffs' claims are barred, in whole or in part, to the extent that an award of penalties against Defendant would constitute an excessive fine and/or a violation of Defendant's due process rights under the Fourteenth Amendment of the United States Constitution and under the Constitution and laws of the State of California. *Lockyer v. R.J. Reynolds Tobacco Co.*, 37 Cal. 4th 707 (2005); *Ratner v. Chemical Bank New York Trust Co.*, 54 F.R.D. 412 (S.D.N.Y. 1972).

12.     California Business & Profession Code § 17200, *et seq.* is unconstitutional, vague and over broad in the manner in which Plaintiffs' claim that the statutes apply to Defendant's business practices and thus constitutes a violation of Defendant's rights to due process and equal protection.

13.     Pre-judgment interest may not be granted because the damages claimed by Plaintiff are not sufficiently certain to allow an award of pre-judgment interest.

14.     Plaintiffs' claims, or portions thereof, are barred to the extent that they are the subject of any release entered into by or on behalf of Plaintiffs' or any person they claim to represent.

15.     Defendant alleges that it may have other, separate and additional defenses of which it is not presently aware, and does hereby reserve the right to assert them by amendment to this Answer as discovery progresses or is complete.

WHEREFORE, Defendant requests judgment as follows:

a.     That this action not be certified as a class action;

b.     That Plaintiffs take nothing by way of the Complaint;

c.     That judgment be entered against Plaintiff and in favor of Defendant;

d.     That Defendant be awarded attorney fees and costs incurred in this case; and

e.     That Defendant be awarded all other necessary and proper relief.

Dated: October 24, 2016

SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP

By: _____
Christopher C. McNatt, Jr.
Attorneys for Defendant
PENSKE LOGISTICS, LLC

4

DEFENDANT PENSKE LOGISTICS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I, **Michelle Lazo**, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2 North Lake Avenue, Suite 460, Pasadena, California 91101.

On October 24, 2016, I served the foregoing document described as **DEFENDANT PENSKE LOGISTICS, LLC'S ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Mr. Michael S. Morrison                    Mr. Michael Parker
Alexander Krakow + Glick LLP        M.R. Parker Law, P.C.
401 Wilshire Boulevard, Suite 1000   21700 Oxnard Street, Suite 2080
Santa Monica, California 90401         Woodland Hills, California 91367

Mr. Gabriel Sepulveda-Sanchez
Sepulveda Sanchez Law, PC
3320 West Victory Boulevard
Burbank, California 91505

√       **(BY MAIL)** I deposited such envelope in the mail at Pasadena, California. The envelope was mailed with postage thereon fully prepaid.

√       I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Pasadena, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

√       **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 24, 2016, at Pasadena, California.

_____
Michelle Lazo

4817-3724-8827, v. 2

PROOF OF SERVICE



*14873206*

**POS-020**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| MICHAEL S. MORRIS, ESQ. (SBN 205320)<br>401 WILSHIRE BLVD., STE 1000<br>SANTA MONICA, CA 90401<br><br>TELEPHONE NO.: 310-394-0888   FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* | **FILED**<br>**ALAMEDA COUNTY**<br><br>OCT 25 2016<br><br>CLERK OF THE SUPERIOR COURT<br>by *Annekia Oli*<br>D. OLIVER, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 FALLON STREET
MAILING ADDRESS: OAKLAND, CA 94612
CITY AND ZIP CODE:
BRANCH NAME:

PETITIONER/PLAINTIFF: JOHN FOWLER

RESPONDENT/DEFENDANT: PENSKE LOGISTICS, LLC

| PROOF OF PERSONAL SERVICE—CIVIL | CASE NUMBER:<br>RG16831421 |
|---|---|

**(Do not use this Proof of Service to show service of a Summons and Complaint.)**

1. I am over 18 years of age and **not a party to this action**.
2. I served the following documents *(specify):*

   TENTATIVE RULING AND PLAINTIFF'S NOTICE OF TELEPHONIC APPEARANCE

   [ ] The documents are listed in the *Attachment to Proof of Personal Service—Civil (Documents Served)* (form POS-020(D)).
3. I personally served the following **persons** at the address, date, and time stated:
   a. Name: PENSKE LOGISTICS LLC C/O CSC (AS AGENT)
   b. Address: 2711 CENTERVILLE RD. WILMINGTON, DE 19808   ACCEPTED BY: LYNANNE GARES
   c. Date: 10/24/16
   d. Time: 12:30 PM

   [ ] The persons are listed in the *Attachment to Proof of Personal Service—Civil (Persons Served)* (form POS-020(P)).
4. I am
   a. [✓] not a registered California process server.
   b. [ ] a registered California process server.
   c. [ ] an employee or independent contractor of a registered California process server.
   d. [ ] exempt from registration under Business & Professions Code section 22350(b).
5. My name, address, telephone number, and, if applicable, county of registration and number are *(specify):*

   KEVIN S. DUNN
   PO BOX 1360
   WILMINGTON, DE 19899

6. [✓] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
7. [ ] I am a California sheriff or marshal and certify that the foregoing is true and correct.

Date: 10/24/16

KEVIN S. DUNN
_____
(TYPE OR PRINT NAME OF PERSON WHO SERVED THE PAPERS)

▶ _____
(SIGNATURE OF PERSON WHO SERVED THE PAPERS)

Form Approved for Optional Use<br>Judicial Council of California<br>POS-020 [New January 1, 2005]

**PROOF OF PERSONAL SERVICE—CIVIL**

Code of Civil Procedure, § 1011<br>www.courtinfo.ca.gov

RECEIVED

Alexander Krakow + Glick LLP
Attn: Krakow, Marvin
401 Wilshire Boulevard
Suite 1000
Santa Monica, CA   90401

OCT 3 1 2016

SCOPELITIS, GARVIN

LIGHT, HANSON & FEARY

Scopelitis, Garvin, Light, Hanson &
Feary, LLP
Attn: Mcnatt Jr., Christopher C.
2 North Lake Avenue
Suite 460
Pasadena, CA   91101____

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Fowler | No. <u>RG16831421</u> |
| Plaintiff/Petitioner(s) | |
| VS. | Order |
| | Complaint - Other Non-PI/PD/WD Tort |
| Penske Logistics, LLC | |
| Defendant/Respondent(s) | |
| (Abbreviated Title) | |

The Complex Determination Hearing was set for hearing on 10/25/2016 at 03:00 PM in Department 30 before the Honorable Brad Seligman.  The Tentative Ruling was published and has not been contested.

IT IS HEREBY ORDERED THAT:

The tentative ruling is affirmed as follows:  COMPLEX DETERMINATION

The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court.  Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq. An order assigning the case to one of the three complex judges and an initial case management order will be issued.

COMPLEX CASE FEES

Pursuant to Government Code section 70616, any non-exempt party who has appeared in the action but has not paid the complex case fee is required to pay the fee within ten days of the filing of this order. The complex case fee is $1,000 for each plaintiff or group of plaintiffs appearing together and $1,000 PER PARTY for each defendant, intervenor, respondent or other adverse party, whether filing separately or jointly, up to a maximum of $18,000 for all adverse parties.  All payments must identify on whose behalf the fee is submitted. Please submit payment to the attention of the Complex Litigation Clerk located in the Civil Division at the Rene C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA  94612. Please make check(s) payable to the Clerk of the Superior Court.  Documents may continue to be filed as allowed under Local Rule 1.9. Note that for those admitted pro hac vice, there is also an annual fee. (Gov't Code section 70617.)

PROCEDURES

Calendar information, filings, and tentative rulings are available to the public at http://www.alameda.courts.ca.gov/domainweb/.  All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda County Superior Court Local Rules.

SERVICE OF THIS ORDER

Order

Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not listed on the proof of service of this order and file proof of service. Each party defendant joining any third party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service.

Dated:  10/25/2016

facsimile

_____
Judge Brad Seligman

Order

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

Case Number:  RG16831421
Order After Hearing Re: of 10/25/2016

## DECLARATION OF SERVICE BY MAIL

I certify that I am not a party to this cause and that a true and correct copy of the
foregoing document was mailed first class, postage prepaid, in a sealed envelope,
addressed as shown on the foregoing document or on the attached, and that the
mailing of the foregoing and execution of this certificate occurred at
1225 Fallon Street, Oakland, California.

Executed on 10/26/2016.

Chad Finke  Executive Officer / Clerk of the Superior Court

By _____

Deputy Clerk

# Superior Court of California, County of Alameda





RECEIVED

OCT 3 1 2016

SCOPELITIS, GARVIN,
LIGHT, HANSON & FEARY

## Notice of Assignment of Judge for All Purposes

Case Number: RG16831421
Case Title:     Fowler VS Penske Logistics, LLC
Date of Filing: 09/16/2016

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:**

| | |
|---|---|
| **Judge:** | **George C. Hernandez, Jr.** |
| **Department:** | **17** |
| **Address:** | **Administration Building** |
| | **1221 Oak Street** |
| | **Oakland  CA  94612** |
| **Phone Number:** | **(510) 267-6933** |
| **Fax Number:** | |
| **Email Address:** | **Dept.17@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure section 170.6 must be exercised within the time period provided by law.  (See Code Civ. Proc. §§ 170.6, subd. (a)(2) and 1013.)**

**NOTICE OF NONAVAILABILITY OF COURT REPORTERS:** Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording.

Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

## General Procedures

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the René C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, George E. McDonald Hall of Justice, 2233 Shoreline Drive, Alameda, California, 94501 and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

<div align="center">

ASSIGNED FOR ALL PURPOSES TO
JUDGE George C. Hernandez, Jr.
DEPARTMENT 17

</div>

All parties are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at: http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1)  and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processes (ADR) prior to the Initial Case Management Conference.  The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days".  Plaintiff received that form in the ADR information package at the time the complaint was filed.  The court's Web site also contains this form and other ADR information.  If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

Email is the preferred method of communicating with court staff in Dept. 17, particularly for hearings.  Telephone communications are possible, but email is almost always more efficient.  When a copy of a document must be transmitted to court staff, it should be hand-delivered to Department 17.  PDF's should not be emailed to the Court without prior permission, as attachments quickly fill the Court's email in-box, which will then shut down.  The use of an email attachment is not a substitute for filing of pleadings or other documents.

All email communications should be copied to all parties for whom an email address is available, so inclusion of available email addresses in the caption of all filed papers, as required by CRC 2.111(1) is critical.

Counsel are expected to be familiar and comply with the Statement of Professionalism and Civility, Alameda County Bar Association www.acbanet.org (link at bottom of page).

## Schedule for Department 17

The following scheduling information is subject to change at any time, without notice.  Please contact the department at the phone number or email address noted above if you have questions.  Anyone seeking to schedule a hearing must first "meet and confer" with all counsel regarding proposed dates then contact Dept. 17 via e-mail with copies to all counsel.

- Trials generally are held:  Mondays through Thursdays, 8:30 a.m. to 1:15 p.m.

- Case Management Conferences are held:  Usually on Mondays through Thursdays at 2:30 p.m.

- Law and Motion matters are heard:  Tuesday through Thursday at 2:30 p.m. Email Dept. 17 for reservation after meet & confer. For discovery-related motions, parties must first comply with informal resolution protocol prior to obtaining a hearing.

- Settlement Conferences are heard:  Ad hoc

- Ex Parte matters are heard:  The court requires strict compliance with CRC 3.1200 et seq., including appearances as required by 3.1207 as amended effective Jan. 1, 2014.  Before filing any application, counsel shall: (1) email Dept. 17 to advise when papers will be filed,

- (Ex Parte Cont'd)(2) provide notice to all parties as required by CRC 3.1203(a); and (3) request a hearing (see L&M Schedule). If the parties agree that personal appearances are not necessary and desire the court to rule on the papers, only, (a) the parties should jointly email Dept. 17 to request that the court rule on the papers without any hearing and (b) written opposition, if any, must filed and a chambers copy hand delivered to Dept. 17 no later than the time noticed for hearing, unless otherwise stipulated.  Chambers copies of all papers, including any written opposition, should be hand-delivered to Dept. 17 at the time of filing.   Compliance with CRC 3.1203(a) will be strictly enforced.

## Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
      Email:        Dept.17@alameda.courts.ca.gov


- Ex Parte Matters
      Email:        Dept.17@alameda.courts.ca.gov


## Tentative Rulings

The court may issue tentative rulings in accordance with the Local Rules.  Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website:  www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 17
- Phone:  1-866-223-2244

Dated:  10/27/2016

_____
Presiding Judge,
Superior Court of California, County of Alameda

---

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as attached hereto and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 10/27/2016

By    _____
Deputy Clerk

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Fowler VS Penske Logistics, LLC | RG16831421 |

ADDITIONAL ADDRESSEES

Alexander Krakow + Glick LLP
Attn:  Krakow, Marvin
401 Wilshire Boulevard
Suite 1000
Santa Monica, CA    90401

Scopelitis, Garvin, Light, Hanson &
Feary, LLP
Attn:  Mcnatt Jr., Christopher C.
2 North Lake Avenue
Suite 460
Pasadena, CA    91101_____

Alexander Krakow + Glick LLP
Attn: Krakow, Marvin
401 Wilshire Boulevard
Suite 1000
Santa Monica, CA    90401

RECEIVED

OCT 3 1 2016

SCOPELITIS, GARVIN
LIGHT, HANSON & FEARY

Scopelitis, Garvin, Light, Hanson &
Feary, LLP
Attn: Mcnatt Jr., Christopher C.
2 North Lake Avenue
Suite 460
Pasadena, CA    91101____

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Fowler<br><br>               Plaintiff/Petitioner(s)<br>VS.<br><br>Penske Logistics, LLC<br><br><br><br>           Defendant/Respondent(s)<br>(Abbreviated Title) | No. <u>RG16831421</u><br><br><br>NOTICE OF HEARING (AMENDED)<br><br>Case Management Conference on 11/29/2016 has<br>been vacated and rescheduled. |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above entitled action has been set for:
               Case Management Conference

You are hereby notified to appear at the following Court location on the date and
time noted below:

Case Management Conference:
DATE: 12/14/2016    TIME: 02:30 PM    DEPARTMENT: 17
LOCATION:  Administration Building, Third Floor
                1221 Oak Street, Oakland

    Failure to appear, comply with local rules or provide a Case Management Conference statement
    may result in sanctions under Local Rule 3.90.

    All motions in this matter to be heard prior to Complex Litigation Determination Hearing (CDH)
    must be scheduled in the same department as that hearing.

    If the information contained in this notice requires change or clarification, please call the
    courtroom clerk for the department where the CDH is scheduled.

    TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by
    contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled
    conference. Parties can make arrangements by calling 1-888-882-6878, or faxing a service request
    form to 1-888-882-2946. This service is subject to charges by the vendor.

Dated: 10/27/2016         Chad Finke  Executive Officer / Clerk of the Superior Court

                By

                                             Deputy Clerk

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to
this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by
sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the
date stated below, in the United States mail at Alameda County, California, following standard court
practices.

Executed on 10/28/2016.

By _____

Deputy Clerk

ALEXANDER KRAKOW + GLICK LLP
Michael S. Morrison (State Bar No. 205320)
401 Wilshire Boulevard, Suite 1000
Santa Monica, California 90401
T: 310 394 0888 | F: 310 394 0811
E: mmorrison@akgllp.com

RECEIVED

DEC 0 1 2016

SCOPELITIS, GARVIN,
LIGHT, HANSON & FEARY

Attorneys for Plaintiffs, individually and on behalf of all others
similarly situated

*Additional Counsel for Plaintiffs and Defendants Listed Below*

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF ALAMEDA

| | |
|---|---|
| JOHN FOWLER, an individual, ARTHUR STUCK, an individual, JAVIER CARBAJAL, an individual, ELISEO BEDOY, an individual, and JAMES MULLER, an individual on behalf of themselves and all others similarly situated, and the general public,<br><br>         Plaintiffs,<br><br>     v.<br><br>PENSKE LOGISTICS, LLC, a limited liability corporation, and DOES 1-100,<br><br>         Defendants. | CASE NO.: RG16831421<br><br>Assigned to Hon. George Hernandez, Jr.<br>Dept.: 17<br><br>**JOINT CASE MANAGEMENT STATEMENT, PURSUANT TO CAL. RULES OF COURT, RULES 3.720-3.730**<br><br>Hearing: December 14, 2016<br>Time:   2:30 p.m.<br>Dept.:   17<br><br>Date filed: September 16, 2016<br><br>**UNLIMITED JURISDICTION** |

- 1 -

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

1 **M.R. PARKER LAW, P.C.**
Michael Parker (State Bar No. 271242)
2 21700 Oxnard Street, Suite 2080
Woodland Hills, CA 91367
3 T: 818 334 5711 | F: 818 394 6448
E: michael@mrparkerlaw.com
4
**SEPULVEDA SANCHEZ LAW, PC**
5 Gabriel Sepulveda-Sanchez (State Bar No. 283326)
3320 W. Victory Blvd.
6 Burbank, CA 91505
T: 213 426 1051 | F: 213 426 1052
7 E: gabriel@sepulvedalawgroup.com

8
Defense Counsel:
9 Christopher C. McNatt, Jr. (SBN 174559)
cmcnatt@scopelitis.com
10 Megan E. Ross (SBN 227776)
mross@scopelitis.com
11 SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2 North Lake Avenue, Suite 460
12 Pasadena, California 91101
Tel:  (626) 795-4700
13 Fax:  (626) 795-4790

14 Adam C. Smedstad (SBN 303591)
asmedstad@scopelitis.com
15 SCOPELITIS GARVIN LIGHT HANSON & FEARY, P.C.
30 W. Monroe Street, Suite 600
16 Chicago, Illinois 60603
Tel:  (312) 255-7200
17 Fax:  (312) 422-1224

18 Attorneys for Defendant,
PENSKE LOGISTICS, LLC
19

20

21

22

23

24

25

26

27

28

- 2 -

**JOINT CASE MANAGEMENT STATEMENT**

**I.      STATEMENT OF THE CASE**

**Plaintiffs' Position**

Defendant PENSKE LOGISTICS, LLC operates supply chain management and logistics services for various vendors at warehouse, delivery, and distribution terminals in California and worldwide.  DEFENDANTS offer supply chain management solutions, including lead logistics and consulting services; warehousing and distribution services, such as warehouse design, warehouse operations, and network design; and transportation services, including dedicated contract carriage, transportation management solutions, and freight brokerage.  PLAINTIFFS and all other similarly situated employees are current or former California based delivery truck drivers ("drivers") employed by DEFENDANTS.

PLAINTIFFS allege in this lawsuit that they and other drivers were not provided with lawful meal and rest periods as required by California state law.  PLAINTIFFS also allege that truck drivers paid an hourly rate of pay were not compensated at the applicable state minimum wage for all time worked.  DEFENDANTS failed to compensate PLAINTIFFS and other hourly truck drivers for pre-trip work, including the time to obtain paperwork for the day and conduct pre-trip inspections, and for post-trip work, including post-trip inspections and the time necessary to complete required paperwork at the end of shifts.  PLAINTIFFS further allege that they and other similarly situated drivers at the Patterson Terminal – i.e. CVS contract – were not paid the minimum wage for all time work based on DEFENDANTS' use of an unlawful piece-rate compensation plan that did not separately compensate drivers for non-piece rate work, including rest periods, and pre-and post-trip work.

This action further alleges that DEFENDANTS have violated California Business and Professions Code Section 17200, et seq., based on their violations of California's Labor laws pertaining to the payment of wages.

The violations described in this lawsuit entitle PLAINTIFFS and the PLAINTIFF CLASS to unpaid wages, including minimum wage, all applicable statutory and civil penalties, including civil penalties recoverable pursuant to the Private Attorney General Act ("PAGA"), attorneys'

- 3 -

fees, costs, and interest as well as injunctive relief.  PLAINTIFFS, on behalf of the PLAINTIFF CLASS (defined below), also seek to certify their non-PAGA claims under California Code of Civil Procedure Section 382.  With respect to the PAGA claim, PLAINTIFFS intend to pursue a representative action on behalf of all aggrieved employees like PLAINTIFFS.

**Defendant's Position**

Defendant asserts that Plaintiffs and the putative class were paid correctly.  As Defendant's pay practices complied with state and federal law, the attendant claims for PAGA penalties, pay stub violations and waiting time penalties similarly fail.

**II.      PARTIES**

**Plaintiffs' Position**

Plaintiffs are represented by Michael Morrison of Alexander Krakow + Glick LLP, Michael Parker from M.R. Parker Law, PC and Gabriel Sepulveda-Sanchez from Sepulveda Sanchez Law, P.C.

**Defendant's Position**

Defendant is represented by the attorneys listed in the caption.

**III.      DEADLINES AND LIMITS ON JOINDER/AMENDED PLEADINGS**

**Plaintiffs' Position**

Plaintiffs believe the deadline to amend pleadings should be June 1, 2017.

**Defendant's Position**

Defendants are amenable to this deadline.

**IV.      CLASS CERTIFICATION AND CLASS DISCOVERY**

**Plaintiffs' Position**

Discovery has just commenced in this case.  Plaintiffs have propounded Special Interrogatories and Requests for Production of Documents.  Plaintiffs will serve additional discovery, including Requests of Admissions and deposition notices, including a Person Most Qualified deposition.

- 4 -

1   Plaintiffs believe this is a case where class certification, merits, and damages issues

2   substantially overlap.  Thus, Plaintiffs do not believe there should be any limitations on the scope

3   of discovery.

4   With respect to class certification, Plaintiffs propose December 1, 2017 as the deadline to

5   file their motion for class certification.

6   **Defendant's Position**

7   Defendant respectfully requests that the Court require that discovery be narrowly tailored at this

8   stage of the litigation to certification issues only, to avoid overly broad and burdensome class-

9   wide merits discovery before the Court decides class certification is inappropriate.  And to ensure

10  any discovery is narrowly tailored and proportional to the needs of the case, Defendant requests

11  that absent a showing of good cause, if any party requests the production of electronically-stored

12  information ("ESI"), the search for responsive information shall be limited to no more than five

13  custodians and the producing party should be allowed to "evaluate the procedures,

14  methodologies, and technologies appropriate for . . . producing their own ESI." *Sedona Principle*

15  *for Electronic Document Production*, No. 6.

16

17  **V.    SCHEDULE FOR CONDUCT OF LITIGATION**

18  Plaintiffs do not believe that any deadlines should be set at the CMC hearing other than

19  the date by which Plaintiffs should file their motion for class certification.  As stated above,

20  Plaintiffs propose December 1, 2017 as the deadline to file their motion for class certification.

21  The parties request a further status conference two weeks after the hearing on class certification.

22  **VI.   EVIDENTIARY ISSUES AND PROTECTIVE ORDER**

23  **Plaintiffs' Position**

24  Plaintiffs are currently unaware of any discovery issues or need for a protective order.

25  **Defendant's Position**

26  Defendant will require a protective order before producing confidential or private

27  documents.  The parties are amenable to a Protective Order modeled on the Northern District of

28  California's form Protective Order.

- 5 -

1    VII.    PROCEDURAL POSTURE

2    **Plaintiffs' Position**

3            Plaintiffs filed this case on September 16, 2016.  Defendants answered the Complaint on

4    October 24, 2016.  No cross-complaint has been filed.  Plaintiffs represent that all parties named

5    in the Complaint have been served, and no additional parties are contemplated at this time.

6            Concerning trial conflicts, Plaintiffs' counsel are unavailable for trial on the following

7    dates:

8    Michael Morrison: 1/10/16; 2/7/17; 3/2/17; 3/14/17 - 4/3/17; 5/1/17- 5/19/17; 5/30/17-6/15/17

9    Michael Parker: 1/11/17-1/17/17; 6/5/17-6/9/17; 7/27/17- 8/1/17; 11/2/17-11/17/17; 11/27/17-

10   12/1/17; 1/2/18-1/5/18; 3/16/18-3/27/18; 4/5/18-4/9/18

11   Gabriel Sepulveda: 1/3/17- 1/19/17; 3/6/17-3/20/17; 3/27/17-4/10/17; 4/14/17-4/23/17; 5/12/17-

12   6/1/17

13   **Defendant's Position**

14   Defendant's counsel are not available until mid-August 2017 due to multiple trial conflicts.

15   VIII.   STREAMLINING THE CASE

16   **Plaintiffs' Position**

17           Plaintiffs favor the use of e-filing and electronic service of pleadings and discovery in this

18   case.  The parties agree to use Caseanywhere.

19
     Dated: November 29, 2016                ALEXANDER KRAKOW + GLICK LLP
20

21

22                                           By: ⁊⁊ ⁊⁄ ⁊⁊ ⁊⁊⁊⁊⁊⁊
                                                 Michael S. Morrison
23                                           Attorney for Plaintiffs JOHN FOWLER,
                                             ARTHUR STUCK, JAVIER CARBAJAL,
24                                           ELISEO BEDOY, and JAMES MULLER,
                                             individually, on behalf of themselves and all others
25                                           similarly situated, and the general public

26

27

28
                                             - 6 -

1    Dated:  November 29, 2016        SCOPELITIS, GARVIN, LIGHT, HANSON
2                                     & FEARY LLP

3

4                                     By: _____
5                                          Megan E. Ross
                                           Attorneys for Defendant
6                                          PENSKE LOGISTICS, LLC

7

8    4816-0103-4813, v. 1

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                     - 7 -

**PROOF OF SERVICE**

I am over the age of 18 years, not a party to this action, and am employed in the County of Los Angeles, State of California. My business address is ALEXANDER KRAKOW + GLICK LLP, 401 Wilshire Blvd., Suite 1000, Santa Monica, CA 90401.

On, November 29, 2016, following the ordinary business practices of ALEXANDER KRAKOW + GLICK LLP as set forth below, I served a true and correct copy of the foregoing document(s) described as **JOINT CASE MANAGEMENT STATEMENT, PURSUANT TO CAL. RULES OF COURT, RULES 3.720-3.730** in a sealed envelope, with postage fully prepaid, addressed as follows:

(X)     BY MAIL. I am readily familiar with ALEXANDER KRAKOW + GLICK LLP's practice for collection and processing of correspondence for mailing with the U.S. Postal Service. Under that practice, in the ordinary course of business, correspondence would be deposited with the U.S. Postal Service on the same day with postage fully prepaid at ALEXANDER KRAKOW + GLICK LLP, 401 Wilshire Blvd., Suite 1000, Santa Monica, CA 90401. The above envelope was placed for collection and mailing on today's date at this address following our firm's ordinary business practice. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposition for mailing.

()     BY MAIL. I deposited such envelope in the mail at 401 Wilshire Blvd., Suite 1000, Santa Monica, CA 90401.

()     VIA FACSIMILE. I sent said documents via facsimile.

()     VIA EMAIL. I sent said documents via email to the addressee(s).

()     VIA FEDEX. I delivered said documents via overnight delivery.

()     BY PERSONAL SERVICE. I delivered such envelope by hand to the offices of the addressee(s).

(X)     (STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

()     (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Dated:          November 29, 2016

Michael P. Vazquez

1

## SERVICE LIST

2

_CO-COUNSEL FOR PLAINTIFF_:

3

Michael Parker, Esq.                          Gabriel Sepulvea-Sanchez, Esq.
M.R. PARKER LAW, P.C.                          SEPULVEDA SANCHEZ LAW, PC

4

21700 Oxnard Street, Suite 2080               3320 W. Victory Blvd.
Woodland Hills, California 91367               Burbank, California 91505

5

T:        818 334 5711                         T:        213 426 1051
F:        818 394 6448                         F:        213 426 1052

6

E:        michael@mrparkerlaw.com              E:        gabriel@sepulvedalawgroup.com

7

8

_Counsel for Defendant:_

9

Christopher C. McNatt, Jr., Esq.
Megan E. Ross, Esq.

10

SCOPELITIS GARVIN LIGHT HANSON & FEARY, LLP
2 North Lake Avenue, Suite 460

11

Pasadena, California 91101
Tel:      626 795 4700

12

Fax:      626 795 7090
Email: Cmcnatt@scopelitis.com

13

          Mross@scopelitis.com

14

Adam C. Smedstad, Esq.
SCOPELITIS GARVIN LIGHT HANSON & FEARY, P.C.

15

30 W. Monroe Street, Suite 600
Chicago, Illinois 60603

16

Tel:      312 255 7200
Fax:      312 422 1224

17

Email: asmedstad@scopelitis.com

18

19

20

21

22

23

24

25

26

27

28

ALEXANDER KRAKOW + GLICK LLP

17


*12128147*

## ATTENDANCE SHEET

FILED
ALAMEDA COUNTY

DEC 1 4 2016

CLERK OF THE SUPERIOR COURT
By _____
Deputy

Date:          DEC 1 4 2016

Case Name:  Fowler vs Penske Logistics

Case No.:   RG16831421

**Name of Counsel**
**(PLEASE PRINT)**

**Party**
**(PLEASE PRINT)**

|  |  |
|--|--|
|  |  |
|  |  |

| Case #: RG16831421 | Firm: | Alexander Krakow + Glick LLP |
|---|---|---|
| **Case Name:** | Phone: | (310) 394-0888 |
| Fowler vs. Penske Logistics, LLC | Contact: | Michael S. Morrison |
| **Proceeding Type:** | For: | Plaintiff(s), John Fowler |
| Case Management Conference | CCID: | 7923283 |
|  | Firm: | Scopelitis, Garvin, Light, Hanson & Feary, P.C. |
|  | Phone: | (312) 255-7181 |
|  | Contact: | Adam C. Smedstad |
|  | For: | Defendant(s), Penske Logistics, LLC |
|  | CCID: | 8029118 |

|  |  |
|--|--|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Fowler<br><br>                      Plaintiff/Petitioner(s)<br><br>       VS.<br><br><br>Penske Logistics, LLC<br>                  Defendant/Respondent(s)<br>        (Abbreviated Title) | No. <u>RG16831421</u><br><br>Case Management Order<br><br><br><br>Judge:  George C. Hernandez, Jr. |

ORDER re: CASE MANAGEMENT

The Court has ordered the following at the conclusion of a judicially supervised Case Management Conference.

FURTHER CONFERENCE

A further Case Management Conference is scheduled for 03/21/2017 at 02:30 PM in Dept. 17.

Updated Joint Case Management Statements (prepared as specified in the order granting the case as complex and NOT on a Judicial Council CM-110 form) shall be filed in the clerk's office with a Chambers Copy (hard copy) delivered directly to Dept. 17 at least five court days prior to the conference. Keep in mind that the purpose of the joint statement is to identify (1) any matters of agreement that the parties wish to have embodied in an order and (2) the issues on which the parties disagree and need the court's guidance.  The joint statement thus serves as an agenda for the CMC.

The parties will report on the possibility of ADR.

NOTICES

Counsel for Plaintiff(s) must forthwith serve a copy of this order on all counsel of record and self-represented parties, and file proof of service.

The Court orders counsel and/or self-represented parties to obtain a copy of this order from the court's website  http://www.alameda.courts.ca.gov/domainweb.

OTHER ORDERS

Plaintiff must file its motion for class certification on or before December 1, 2017.

FURTHER CONFERENCE

A further Case Management Conference is scheduled for 12/07/2017 at 02:30 PM in Dept. 17.

The purpose of this conference is to set the date by which defendant is to file its response to plaintiff's motion for class certification and to set the actual date for the hearing on the motion.

Any delay in the trial, caused by non-compliance with any order contained herein, shall be the subject of sanctions pursuant to CCP 177.5.

Dated:  12/14/2016

_____

Judge George C. Hernandez, Jr.

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Fowler<br><br>                                   Plaintiff/Petitioner(s)<br><br>                    VS.<br><br><br>  Penske Logistics, LLC<br>                              Defendant/Respondent(s)<br>                    (Abbreviated Title) | No. <u>RG16831421</u><br><br>Case Management Order<br><br><br><br>Judge:  George C. Hernandez, Jr. |

ORDER re: CASE MANAGEMENT

The Court has ordered the following at the conclusion of a judicially supervised Case Management Conference.

FURTHER CONFERENCE

A further Case Management Conference is scheduled for 03/21/2017 at 02:30 PM in Dept. 17.

Updated Joint Case Management Statements (prepared as specified in the order granting the case as complex and NOT on a Judicial Council CM-110 form) shall be filed in the clerk's office with a Chambers Copy (hard copy) delivered directly to Dept. 17 at least five court days prior to the conference. Keep in mind that the purpose of the joint statement is to identify (1) any matters of agreement that the parties wish to have embodied in an order and (2) the issues on which the parties disagree and need the court's guidance.  The joint statement thus serves as an agenda for the CMC.

The parties will report on the possibility of ADR.

NOTICES

Counsel for Plaintiff(s) must forthwith serve a copy of this order on all counsel of record and self-represented parties, and file proof of service.

The Court orders counsel and/or self-represented parties to obtain a copy of this order from the court's website  http://www.alameda.courts.ca.gov/domainweb.

OTHER ORDERS

Plaintiff must file its motion for class certification on or before December 1, 2017.

FURTHER CONFERENCE

A further Case Management Conference is scheduled for 12/07/2017 at 02:30 PM in Dept. 17.

The purpose of this conference is to set the date by which defendant is to file its response to plaintiff's motion for class certification and to set the actual date for the hearing on the motion.

Any delay in the trial, caused by non-compliance with any order contained herein, shall be the subject of sanctions pursuant to CCP 177.5.

Dated:  12/14/2016

_____

Judge George C. Hernandez, Jr.

*14861530*

## ATTENDANCE SHEET

Date: MAR 21 2017

Case Name: Fowler vs Penske Logistics

Case No.: RG16831421

**F I L E D**
ALAMEDA COUNTY

MAR 21 2017

CLERK OF THE SUPERIOR COURT

By _____ Deputy

Name of Counsel
(PLEASE PRINT)

Party
(PLEASE PRINT)

|  |  |
|--|--|
|  |  |
|  |  |
|  |  |

| Case #: RG16831421 | Firm: | Alexander Krakow + Glick LLP |
|---|---|---|
| **Case Name:** | Phone: | (310) 394-0888 ext. |
| Fowler vs. Penske Logistics, LLC | Contact: | Michael S. Morrison ✓ |
| **Proceeding Type:** | For: | Plaintiff(s), John Fowler |
| Case Management Conference | CCID: | 8032596 |
|  | Firm: | Scopelitis, Garvin, Light, Hanson & Feary, P.C. |
|  | Phone: | (626) 345-5030 ext. |
|  | Contact: | Megan Ross ✓ |
|  | For: | Defendant(s), Penske Logistics, LLC |
|  | CCID: | 8225695 |

|  |  |
|--|--|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

1    ALEXANDER KRAKOW + GLICK LLP
     Michael S. Morrison (State Bar No. 205320)
2    401 Wilshire Boulevard, Suite 1000
     Santa Monica, California 90401
3    T: 310 394 0888 | F: 310 394 0811
     E: mmorrison@akgllp.com
4
     Attorneys for Plaintiffs, individually and on behalf of all others
5    similarly situated

6    *Additional Counsel for Plaintiffs and Defendants Listed Below*

7
                SUPERIOR COURT OF THE STATE OF CALIFORNIA
8                         COUNTY OF ALAMEDA

9

10   JOHN FOWLER, an individual, ARTHUR       CASE NO.: RG16831421
     STUCK, an individual, JAVIER
11   CARBAJAL, an individual, ELISEO          Assigned to Hon. George Hernandez, Jr.
     BEDOY, an individual, and JAMES          Dept.: 17
12   MULLER, an individual on behalf of
     themselves and all others similarly situated,   **JOINT CASE MANAGEMENT
13   and the general public,                  STATEMENT, PURSUANT TO CAL.
                                              RULES OF COURT, RULES 3.720-3.730**
14                 Plaintiffs,
                                              Hearing: March 21, 2017
15            v.                              Time:   2:30 p.m.
                                              Dept.:   17
16
     PENSKE LOGISTICS, LLC, a limited
17   liability corporation, and DOES 1-100,  Date filed: September 16, 2016

18                 Defendants.                **UNLIMITED JURISDICTION**

19

20

21

22

23

24

25

26

27

28
                                    - 1 -

RECEIVED

MAR 2 4 2017

SCOPELITIS, GARVIN,
LIGHT, HANSON & FEARY

1  ALEXANDER KRAKOW + GLICK LLP
   Michael S. Morrison (State Bar No. 205320)
2  401 Wilshire Boulevard, Suite 1000
   Santa Monica, California 90401
3  T: 310 394 0888 | F: 310 394 0811
   E: mmorrison@akgllp.com
4
   Attorneys for Plaintiffs, individually and on behalf of all others
5  similarly situated
6
   *Additional Counsel for Plaintiffs and Defendants Listed Below*
7
8          SUPERIOR COURT OF THE STATE OF CALIFORNIA
                      COUNTY OF ALAMEDA
9

| | |
|---|---|
| 10  JOHN FOWLER, an individual, ARTHUR<br>STUCK, an individual, JAVIER<br>11  CARBAJAL, an individual, ELISEO<br>BEDOY, an individual, and JAMES<br>12  MULLER, an individual on behalf of<br>themselves and all others similarly situated,<br>13  and the general public, | CASE NO.: RG16831421<br><br>Assigned to Hon. George Hernandez, Jr.<br>Dept.: 17 |
| 14                      Plaintiffs, | **JOINT CASE MANAGEMENT<br>STATEMENT, PURSUANT TO CAL.<br>RULES OF COURT, RULES 3.720-3.730** |
| 15         v. | Hearing: March 21, 2017<br>Time:     2:30 p.m.<br>Dept.:    17 |
| 16  PENSKE LOGISTICS, LLC, a limited<br>17  liability corporation, and DOES 1-100, | Date filed: September 16, 2016 |
| 18                      Defendants. | **UNLIMITED JURISDICTION** |

19
20
21
22
23
24
25
26
27
28

- 1 -

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

1  **M.R. PARKER LAW, P.C.**
   Michael Parker (State Bar No. 271242)
2  21700 Oxnard Street, Suite 2080
   Woodland Hills, CA 91367
3  T: 818 334 5711 | F: 818 394 6448
   E: michael@mrparkerlaw.com
4
   **SEPULVEDA SANCHEZ LAW, PC**
5  Gabriel Sepulveda-Sanchez (State Bar No. 283326)
   3320 W. Victory Blvd.
6  Burbank, CA 91505
   T: 213 426 1051 | F: 213 426 1052
7  E: gabriel@sepulvedalawgroup.com

8
   Defense Counsel:
9  Christopher C. McNatt, Jr. (SBN 174559)
   cmcnatt@scopelitis.com
10 Megan E. Ross (SBN 227776)
   mross@scopelitis.com
11 SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
   2 North Lake Avenue, Suite 460
12 Pasadena, California 91101
   Tel:  (626) 795-4700
13 Fax:  (626) 795-4790

14 Adam C. Smedstad (SBN 303591)
   asmedstad@scopelitis.com
15 SCOPELITIS GARVIN LIGHT HANSON & FEARY, P.C.
   30 W. Monroe Street, Suite 600
16 Chicago, Illinois 60603
   Tel:  (312) 255-7200
17 Fax:  (312) 422-1224

18 Attorneys for Defendant,
   PENSKE LOGISTICS, LLC
19

20

21

22

23

24

25

26

27

28
                                    - 2 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JOINT CASE MANAGEMENT STATEMENT

**Plaintiffs' Position**

Defendants have recently settled a class action case that potentially overlaps with this case.  Specifically, class members in the *Nangle v. Penske Logistics, LLC and Penske Truck Leasing Co., LP* [Case No. 11-CV-0807 CAB (BLM), United States District Court, Southern District of California] received notice of a $500,000 settlement on behalf of California drivers who worked on accounts other than Whirlpool from February 27, 2007 to February 6, 2017.  Plaintiffs are currently exploring the degree of overlap between the actions and the claims in this lawsuit which may have been released in the *Nangle* action.

Plaintiffs will meet and confer with Defendants to obtain their position on what claims in this lawsuit are not being released by the *Nangle* action.  It is possible that this issue may need to be resolved by law and motion practice if the Parties cannot reach an agreement on the scope of the *Nangle* settlement.

With respect to discovery, Plaintiffs have already served written discovery and sent a meet and confer letter regarding that discovery.  However, meet and confer efforts were put on hold when Plaintiffs learned of the *Nangle* settlement.

**Defendant's Position**

Plaintiff notes, this case has overlap with the *Nangle* matter, which is currently set for final approval on May 22, 2017.  In addition, Defendant is awaiting preliminary approval of the matter of *Rodriguez v. Penske Logistics, LLC* [Case No. 2:14-cv-02061-KJM-CKD, United States District Court, Eastern District of California] of a class consisting of "all California-based non-exempt truck driver employees who worked under a 'piece rate' or 'pay-by-the-mile' compensation policy from September 5, 2010 through to the earlier of (a) Preliminary Approval of the Court or (b) November 1, 2016."  The request for preliminary approval has been fully briefed and heard in the *Rodriguez* matter.

- 3 -

1

2       Given the extensive overlap between the *Nangle* and *Rodriguez* matters and the instant

3   case, Defendant's position is that the parties should wait for final resolution of these matters

4   before extensive discovery and law and motion practice.

5

6   Dated: March __, 2017                          ALEXANDER KRAKOW + GLICK LLP

7

8                                                  By: _____
                                                        Michael S. Morrison
9                                                       Attorney for Plaintiffs JOHN FOWLER,
                                                        ARTHUR STUCK, JAVIER CARBAJAL,
10                                                      ELISEO BEDOY, and JAMES MULLER,
                                                        individually, on behalf of themselves and all others
11                                                      similarly situated, and the general public

12

13  Dated:  March 20, 2017                         SCOPELITIS, GARVIN, LIGHT, HANSON
                                                    & FEARY, LLP
14

15

16

17                                                 By: _____
                                                        Megan E. Ross
18                                                      Attorneys for Defendant
                                                        PENSKE LOGISTICS, LLC
19

20  4816-0103-4813, v. 1

21

22

23

24

25

26

27

28
                                            - 4 -

**PROOF OF SERVICE**

   I am over the age of 18 years, not a party to this action, and am employed in the County of Los Angeles, State of California. My business address is ALEXANDER KRAKOW + GLICK LLP, 401 Wilshire Blvd., Suite 1000, Santa Monica, CA 90401.

   On, March 20, 2017, following the ordinary business practices of ALEXANDER KRAKOW + GLICK LLP as set forth below, I served a true and correct copy of the foregoing document(s) described as **JOINT CASE MANAGEMENT STATEMENT, PURSUANT TO CAL. RULES OF COURT, RULES 3.720-3.730** in a sealed envelope, with postage fully prepaid, addressed as follows:

(X)   BY MAIL. I am readily familiar with ALEXANDER KRAKOW + GLICK LLP's practice for collection and processing of correspondence for mailing with the U.S. Postal Service. Under that practice, in the ordinary course of business, correspondence would be deposited with the U.S. Postal Service on the same day with postage fully prepaid at ALEXANDER KRAKOW + GLICK LLP, 401 Wilshire Blvd., Suite 1000, Santa Monica, CA 90401. The above envelope was placed for collection and mailing on today's date at this address following our firm's ordinary business practice. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposition for mailing.

( )   BY MAIL. I deposited such envelope in the mail at 401 Wilshire Blvd., Suite 1000, Santa Monica, CA 90401.

( )   VIA FACSIMILE. I sent said documents via facsimile.

( )   VIA EMAIL. I sent said documents via email to the addressee(s).

( )   VIA FEDEX. I delivered said documents via overnight delivery.

( )   BY PERSONAL SERVICE. I delivered such envelope by hand to the offices of the addressee(s).

(X)   (STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

( )   (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Dated:    March 20, 2017

             Michael P. Vazquez

ALEXANDER KRAKOW + GLICK LLP

**SERVICE LIST**

*CO-COUNSEL FOR PLAINTIFF*:

Michael Parker, Esq.
M.R. PARKER LAW, P.C.
21700 Oxnard Street, Suite 2080
Woodland Hills, California 91367
T:     818 334 5711
F:     818 394 6448
E:     michael@mrparkerlaw.com

Gabriel Sepulvea-Sanchez, Esq.
SEPULVEDA SANCHEZ LAW, PC
3320 W. Victory Blvd.
Burbank, California 91505
T:     213 426 1051
F:     213 426 1052
E:     gabriel@sepulvedalawgroup.com

*Counsel for Defendant:*

Christopher C. McNatt, Jr., Esq.
Megan E. Ross, Esq.
SCOPELITIS GARVIN LIGHT HANSON & FEARY, LLP
2 North Lake Avenue, Suite 460
Pasadena, California 91101
Tel:    626 795 4700
Fax:   626 795 7090
Email: Cmcnatt@scopelitis.com
          Mross@scopelitis.com

Adam C. Smedstad, Esq.
SCOPELITIS GARVIN LIGHT HANSON & FEARY, P.C.
30 W. Monroe Street, Suite 600
Chicago, Illinois 60603
Tel:    312 255 7200
Fax:   312 422 1224
Email: asmedstad@scopelitis.com

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Fowler<br><div align="right">Plaintiff/Petitioner(s)</div><br><div align="center">VS.</div><br><br>Penske Logistics, LLC<br><div align="right">Defendant/Respondent(s)</div><div align="center">(Abbreviated Title)</div> | No. <u>RG16831421</u><br><br>Case Management Order<br><br><br><br>Judge:  George C. Hernandez, Jr. |

ORDER re: CASE MANAGEMENT

The Court has ordered the following at the conclusion of a judicially supervised Case Management Conference.

FURTHER CONFERENCE

A further Case Management Conference is scheduled for 07/25/2017 at 02:30 PM in Dept. 17.

Updated Joint Case Management Statements (prepared as specified in the order granting the case as complex and NOT on a Judicial Council CM-110 form) shall be filed in the clerk's office with a Chambers Copy (hard copy) delivered directly to Dept. 17 at least five court days prior to the conference.  The purpose of the joint statement is to identify (1) any matters of agreement that the parties wish to have embodied in an order and (2) the issues on which the parties disagree and need the court's guidance. The joint statement serves as an agenda for the Case Management Conference.

NOTICES

The Court orders counsel and/or self-represented parties to obtain a copy of this order from the court's website  http://www.alameda.courts.ca.gov/domainweb.

OTHER ORDERS

It may be that two other cases overlap the relief sought in this case.

Any delay in the trial, caused by non-compliance with any order contained herein, shall be the subject of sanctions pursuant to CCP 177.5.

Dated:  03/22/2017

_George Alemandez J._ digital

_____

Judge George C. Hernandez, Jr.

*14101023*

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Fowler | No. RG16831421 |
| Plaintiff/Petitioner(s) | |
| VS. | Case Management Order |
| Penske Logistics, LLC | |
| Defendant/Respondent(s) (Abbreviated Title) | Judge: George C. Hernandez, Jr. |

### ORDER re: CASE MANAGEMENT

The Court has ordered the following after review of the case, including timely filed Case Management Statements, without a conference.

### FURTHER CONFERENCE

The Case Management Conference currently scheduled for 7/25/17 is VACATED and continued to 10/04/2017 at 02:30 PM in Dept. 17.

Updated Joint Case Management Statements (prepared as specified in the order granting the case as complex and NOT on a Judicial Council CM-110 form) shall be filed in the clerk's office with a Chambers Copy (hard copy) delivered directly to Dept. 17 at least five court days prior to the conference. The purpose of the joint statement is to identify (1) any matters of agreement that the parties wish to have embodied in an order and (2) the issues on which the parties disagree and need the court's guidance. The joint statement serves as an agenda for the Case Management Conference.

### NOTICES

The Court orders counsel and/or self-represented parties to obtain a copy of this order from the court's website http://www.alameda.courts.ca.gov/domainweb.

### OTHER ORDERS

The parties reported that they are in mediation.

The court is rescheduling the conference.

Any delay in the trial, caused by non-compliance with any order contained herein, shall be the subject of sanctions pursuant to CCP 177.5.

Dated: 07/19/2017

George Alemandez Jr.

Judge George C. Hernandez, Jr.

1   ALEXANDER KRAKOW + GLICK LLP
    Michael S. Morrison (State Bar No. 205320)
2   401 Wilshire Boulevard, Suite 1000
    Santa Monica, California 90401
3   T: 310 394 0888 | F: 310 394 0811
    E: mmorrison@akgllp.com
4
    Attorneys for Plaintiffs, individually and on behalf of all others
5   similarly situated
6   *Additional Counsel for Plaintiffs and Defendants Listed Below*
7
              SUPERIOR COURT OF THE STATE OF CALIFORNIA
8                       COUNTY OF ALAMEDA
9

| 10 | JOHN FOWLER, an individual, ARTHUR STUCK, an individual, JAVIER CARBAJAL, an individual, ELISEO BEDOY, an individual, and JAMES MULLER, an individual on behalf of themselves and all others similarly situated, and the general public, | CASE NO.: RG16831421 |
|---|---|---|

JOHN FOWLER, an individual, ARTHUR
STUCK, an individual, JAVIER
CARBAJAL, an individual, ELISEO
BEDOY, an individual, and JAMES
MULLER, an individual on behalf of
themselves and all others similarly situated,
and the general public,

              Plaintiffs,

    v.

PENSKE LOGISTICS, LLC, a limited
liability corporation, and DOES 1-100,

              Defendants.

CASE NO.: RG16831421

Assigned to Hon. George Hernandez, Jr.
Dept.: 17

**JOINT CASE MANAGEMENT
STATEMENT, PURSUANT TO CAL.
RULES OF COURT, RULES 3.720-3.730**

Hearing: July 25, 2017
Time:     2:30 p.m.
Dept.:    17

Date filed: September 16, 2016

**UNLIMITED JURISDICTION**

RECEIVED

AUG 0 4 2017

SCOPELITIS, GARVIN,
LIGHT, HANSON & FEARY

- 1 -

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

1   **M.R. PARKER LAW, P.C.**
    Michael Parker (State Bar No. 271242)
2   21700 Oxnard Street, Suite 2080
    Woodland Hills, CA 91367
3   T: 818 334 5711 | F: 818 394 6448
    E: michael@mrparkerlaw.com
4
    **SEPULVEDA SANCHEZ LAW, PC**
5   Gabriel Sepulveda-Sanchez (State Bar No. 283326)
    3320 W. Victory Blvd.
6   Burbank, CA 91505
    T: 213 426 1051 | F: 213 426 1052
7   E: gabriel@sepulvedalawgroup.com

8
    Defense Counsel:
9   Christopher C. McNatt, Jr. (SBN 174559)
    cmcnatt@scopelitis.com
10  Megan E. Ross (SBN 227776)
    mross@scopelitis.com
11  SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
    2 North Lake Avenue, Suite 460
12  Pasadena, California 91101
    Tel:  (626) 795-4700
13  Fax:  (626) 795-4790

14  Adam C. Smedstad (SBN 303591)
    asmedstad@scopelitis.com
15  SCOPELITIS GARVIN LIGHT HANSON & FEARY, P.C.
    30 W. Monroe Street, Suite 600
16  Chicago, Illinois 60603
    Tel:  (312) 255-7200
17  Fax:  (312) 422-1224

18  Attorneys for Defendant,
    PENSKE LOGISTICS, LLC
19

20

21

22

23

24

25

26

27

28
                                    - 2 -

## JOINT CASE MANAGEMENT STATEMENT

**Mediation**

Plaintiffs and Defendants have been actively engaged in settlement discussions since the onset of the case. The parties have agreed to mediate the matter on August 8, 2017 with Michael D. Young at Judicate West. Since the date was selected, the parties have continued to engage in informal discovery and exchange of information. Moreover, the parties have entered into a tolling agreement regarding an additional, unnamed Plaintiff, James Shafer. His claims will be mediated along with the parties already named in Plaintiffs' lawsuit. The tolling agreement extends to October 1, 2017.

**Discovery**

Plaintiffs have already served written discovery and sent a meet and confer letter regarding that discovery. However, meet and confer efforts were put on hold when Plaintiffs learned of the *Nangle* settlement. Since then, the parties have agreed to mediate the case and all outstanding issues have been placed on hold.

**Nangle Class Action**

Judgment was entered in the related *Nangle* action on June 21, 2017.  There were 6 opt outs from the Nangle action, including James Shafer, discussed above, as well as the following plaintiffs in this action:  Eliseo Bedoy, Jonny K. Fowler, James B. Muller, and Arthur W. Stuck.


Dated: July 18, 2017                                   ALEXANDER KRAKOW + GLICK LLP


By: S/Michael S. Morrison
_____
Michael S. Morrison
Attorney for Plaintiffs JOHN FOWLER,
ARTHUR STUCK, JAVIER CARBAJAL,
ELISEO BEDOY, and JAMES MULLER,
individually, on behalf of themselves and all others
similarly situated, and the general public

- 3 -

1    Dated:  July17, 2017                  SCOPELITIS, GARVIN, LIGHT, HANSON
                                                  & FEARY, LLP
2

3

4

5                                         By:   _____
                                                Megan E. Ross
6                                               Attorneys for Defendant
                                                PENSKE LOGISTICS, LLC
7

8
     4837-0384-4427, v. 1
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        - 4 -

                 JOINT CASE MANAGEMENT CONFERENCE STATEMENT

# PROOF OF SERVICE

I am over the age of 18 years, not a party to this action, and am employed in the County of Los Angeles, State of California. My business address is ALEXANDER KRAKOW + GLICK LLP, 401 Wilshire Blvd., Suite 1000, Santa Monica, CA 90401.

On, July 18, 2017, following the ordinary business practices of ALEXANDER KRAKOW + GLICK LLP as set forth below, I served a true and correct copy of the foregoing document(s) described as **JOINT CASE MANAGEMENT STATEMENT, PURSUANT TO CAL. RULES OF COURT, RULES 3.720-3.730** in a sealed envelope, with postage fully prepaid, addressed as follows:

(X)   <u>BY MAIL</u>. I am readily familiar with ALEXANDER KRAKOW + GLICK LLP's practice for collection and processing of correspondence for mailing with the U.S. Postal Service. Under that practice, in the ordinary course of business, correspondence would be deposited with the U.S. Postal Service on the same day with postage fully prepaid at ALEXANDER KRAKOW + GLICK LLP, 401 Wilshire Blvd., Suite 1000, Santa Monica, CA 90401. The above envelope was placed for collection and mailing on today's date at this address following our firm's ordinary business practice. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposition for mailing.

()   <u>BY MAIL</u>. I deposited such envelope in the mail at 401 Wilshire Blvd., Suite 1000, Santa Monica, CA 90401.

()   <u>VIA FACSIMILE</u>. I sent said documents via facsimile.

()   <u>VIA EMAIL</u>. I sent said documents via email to the addressee(s).

()   <u>VIA FEDEX</u>. I delivered said documents via overnight delivery.

()   <u>BY PERSONAL SERVICE</u>. I delivered such envelope by hand to the offices of the addressee(s).

(X)   (STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

()   (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Dated:      July 18, 2017

_____
Jose F. Giron

1

2

**SERVICE LIST**

3

*CO-COUNSEL FOR PLAINTIFF*:

4

Michael Parker, Esq.                          Gabriel Sepulvea-Sanchez, Esq.
M.R. PARKER LAW, P.C.                   SEPULVEDA SANCHEZ LAW, PC

5
21700 Oxnard Street, Suite 2080        3320 W. Victory Blvd.
Woodland Hills, California 91367          Burbank, California 91505

6
T:       818 334 5711                            T:       213 426 1051
F:       818 394 6448                            F:       213 426 1052

7
E:       michael@mrparkerlaw.com         E:       gabriel@sepulvedalawgroup.com

8

9

*Counsel for Defendant:*

10

Christopher C. McNatt, Jr., Esq.
Megan E. Ross, Esq.

11
SCOPELITIS GARVIN LIGHT HANSON & FEARY, LLP
2 North Lake Avenue, Suite 460

12
Pasadena, California 91101
Tel:     626 795 4700

13
Fax:    626 795 7090
Email: Cmcnatt@scopelitis.com

14
           Mross@scopelitis.com

15
Adam C. Smedstad, Esq.
SCOPELITIS GARVIN LIGHT HANSON & FEARY, P.C.

16
30 W. Monroe Street, Suite 600
Chicago, Illinois 60603

17
Tel:     312 255 7200
Fax:    312 422 1224

18
Email: asmedstad@scopelitis.com

19

20

21

22

23

24

25

26

27

28

ALEXANDER KRAKOW + GLICK LLP

TRANSMISSION VERIFICATION REPORT

```
TIME  : 07/18/2017 11:02
NAME  : AKG LLP
FAX   : 3103940811
TEL   : 3103940888
SER.# : BROH0J191530
```

```
DATE,TIME         07/18  11:01
FAX NO./NAME      15102675732
DURATION          00:01:37
PAGE(S)           07
RESULT            OK
MODE              STANDARD
                  ECM
```

## ALEXANDER KRAKOW + GLICK LLP
401 Wilshire Boulevard, Suite 1000
Santa Monica, CA 90401

T: 310 394 0888 | F: 310 394 0811

=====================

**FACSIMILE COVER SHEET**

TO:      Attn: Superior Court–County of Alameda
         (510) 267-5732

DATE:    July 18, 2017

TIME:    11:10 a.m.

FROM:    Jose Giron of Alexander Krakow + Glick LLP–Attorneys for Plaintiffs

RE:      John Fowler, et al. v. Penske Logistics, LLC, et al. (RG16831421)

Including this cover page 6 pages have been sent. Please contact this office immediately if you had any problem with the transmission.

**Message:** Attached, please find a Joint Case Management Statement for the above case assigned to department 17 to Hon. George Hernandez, Jr.

NOTE:    This Facsimile is **PERSONAL AND CONFIDENTIAL.** If this transmission

# ALEXANDER KRAKOW + GLICK LLP
401 Wilshire Boulevard, Suite 1000
Santa Monica, CA 90401

T: 310 394 0888 | F: 310 394 0811

====================

## FACSIMILE COVER SHEET

TO:        Attn: Superior Court–County of Alameda
           (510) 267-5732

DATE:      July 18, 2017

TIME:      11:10 a.m.

FROM:      Jose Giron of Alexander Krakow + Glick LLP–Attorneys for Plaintiffs

RE:        John Fowler, et al. v. Penske Logistics, LLC, et al. (RG16831421)

Including this cover page 6  pages have been sent.  Please contact this office immediately if you had any problem with the transmission.

**Message:** Attached, please find a Joint Case Management Statement for the above case assigned to department 17 to Hon. George Hernandez, Jr.

NOTE:        This Facsimile is **PERSONAL AND CONFIDENTIAL**.  If this transmission is received by any telephone number or person other than the one indicated above, please contact this office immediately.