UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FOWLER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PENSKE LOGISTICS, LLC, et al.,<br><br>Defendants. | Case No. 3:17-cv-05397-JD<br><br>**ORDER RE REMAND MOTION**<br>Re: Dkt. No. 10 |

Plaintiffs are truck drivers employed by defendant Penske Logistics, LLC ("Penske") and filed this action for California state labor code violations in Alameda Superior Court. Dkt. No. 1. Penske removed the case to federal court based on diversity jurisdiction. *Id.*; 28 U.S.C. § 1441(b). Plaintiffs move to remand the case back to state court, or, in the alternative, for leave to amend the complaint by adding a non-diverse defendant. Dkt. No. 10. The motion is denied.

The remand motion is based on the timeliness of the removal petition. Plaintiffs contend defendants waited too long to remove the case under 28 U.S. Code Section 1446(b). Plaintiffs filed the state court complaint on September 16, 2016, and defendants did not remove the action until September 18, 2017.

The rules governing the timing of removal are straightforward. "After a defendant learns that an action is removable, he has thirty days to remove the case to federal court." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (citing 28 U.S.C. § 1446(b)). The removal clock "starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face the facts necessary for federal court jurisdiction." *Id.* (internal quotation and citation omitted). Otherwise, the removal period begins when a defendant "receives 'a copy of an amended pleading, motion, order or other paper' from which it can determine that the case is removable." *Id.* (quoting 28 U.S.C. § 1446(b)). These rules are applied

in conjunction with the principle that removal statutes are "'strictly construed' against removal jurisdiction." *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 667 (9th Cir. 2012) (citing *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002)).

As plaintiffs concede, the complaint did not disclose removability on its face. Dkt. No. 1-1. The question, then, is whether a subsequent document demonstrated the possibility of removal, and whether defendants acted in a timely manner in light of that disclosure. Plaintiffs suggest several dates by which defendants should have known removal was possible, but did not act. For example, they say the removal clock began to run on July 18, 2017, when the parties filed a joint case management statement acknowledging their agreement to mediate the action as an individual rather than a class proceeding. *See* 28 U.S.C. § 1446(c)(3) ("information relating to the amount in controversy in the record of the State proceeding . . . shall be treated as an 'other paper' under subsection (b)(3)"). Plaintiffs overstate the import of that document. Certainly, the removal statute "'requires a defendant to apply a reasonable amount of intelligence in ascertaining removability.'" *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001)). "Multiplying figures clearly stated in a complaint is an aspect of that duty," but defendants are "not obligated to supply information which [the plaintiff] . . . omitted," or even to make a "plausible-enough guess" about the amount in controversy. *Id.* at 1140-41. This standard "forces plaintiffs to assume the costs associated with their own indeterminate pleadings." *Id.* at 1141. Here, the complaint does not offer any numbers regarding wages or total hours worked by any plaintiff. As plaintiffs' own remand motion indicates, defendant would have had to "review[] its records" in order to calculate potential damages. Dkt. No. 10 at 8. Circuit precedent makes clear that such reviews are not required by the removal statute.

Plaintiffs also argue that the removal clock began to run on August 8, 2017, when the parties participated in a mediation session. *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 975 (9th Cir. 2007) ("'settlement letter is relevant evidence of the amount in controversy'") (quoting *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002)). The mediator shared plaintiffs' gross settlement demands rather than individual plaintiffs' demands. Dkt. No. 11-1. Plaintiffs do not

1 dispute that only a gross settlement amount was discussed, *see* Dkt. No. 13, nor do they argue that

2 the gross settlement amount evidenced at least $75,000 in controversy for a specific individual.

3 *See Urbino v. Orkin Servs. of California, Inc.*, 726 F.3d 1118, 1122 (9th Cir. 2013).

4 Consequently, Penske could not have determined removability on August 8, and the removal clock

5 did not begin to run.

6 The record shows that the clock properly started when Penske received a breakdown of individual demands on September 6, 2017. *See* Dkt. No. 10-1 Exh. 1. It promptly filed a notice of removal 12 days later. Consequently, removal was timely under Section 1446(b)(3). Plaintiffs do not seek remand under Section 1446(c)(1), which states that a "case may not be removed under subsection (b)(3) on the basis of [diversity jurisdiction] more than 1 year after commencement of the action." 28 U.S.C. § 1446(c). While it appears that Penske removed the case more than a year after the action was filed, Section 1446(c)(1) imposes "a procedural, non jurisdictional requirement" that is "waivable." *Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014). Plaintiffs have waived the one year limitation by failing to raise it in their motion, and the Court lacks authority to remand sua sponte on that basis.

In the alternative, plaintiffs ask that the Court permit joinder of Joshua Blahnick, a non-diverse defendant, and remand the action to state court. *See* 28 U.S.C. § 1447(e). Plaintiffs allege that Blahnick was the operations manager and highest ranking supervisor at the Patterson terminal, where several plaintiffs worked, and was responsible for at least some of the labor code violations in the case. Dkt. No. 10-1 at 3; Dkt. No. 13-1. Plaintiffs do not contend that they have a right to amend as a matter of course under Rule 15(a). Fed. R. Civ. P. 15(a)(1).

"[T]he decision regarding joinder of a diversity destroying-defendant is left to the discretion of the district court." *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). The standard is "permissive," *id.*, and the district court's discretion to deny joinder under Section 1447(e) is greater than in the Rule 15(a) context. *See McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 607 (S.D. Cal. 2014) (listing cases). A "trial court should look with particular care at [plaintiff's motive in seeking joinder] . . . in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court." *Desert*

3

*Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980) (discussing joinder standards under Rule 20, before enactment of Section 1447(e)). Here, plaintiffs' proposed amendment appears to be motivated solely by their desire to litigate this action in state court. Plaintiffs represent that they sent a letter to the California Labor and Workforce Development Agency documenting their wage and hour allegations in July 2016. Dkt. No. 13-1 at 2. They filed this lawsuit in September 2016. They offer no compelling explanation for why it took them well over a year to identify the highest ranking supervisor at plaintiffs' workplace. *See* Dkt. No. 13. That long delay appears even more suspect in light of plaintiffs' insistence that Blahnick is "required for just adjudication of this dispute." *Id.* at 8.

Plaintiffs' motion for remand or joinder is denied.

**IT IS SO ORDERED.**

Dated: May 4, 2018

JAMES DONATO
United States District Judge