1

**ALEXANDER KRAKOW + GLICK LLP**
Michael S. Morrison (State Bar No. 205320)

2
401 Wilshire Boulevard, Suite 1000
Santa Monica, California 90401

3
T: 310 394 0888 | F: 310 394 0811
E: mmorrison@akgllp.com

4

5
**M.R. PARKER LAW, P.C.**
Michael Parker (State Bar No. 271242)
21700 Oxnard Street, Suite 2080

6
Woodland Hills, CA 91367
T: 818 334 5711 | F: 818 394 6448

7
E: michael@mrparkerlaw.com

8
**SEPULVEDA SANCHEZ LAW, PC**
Gabriel Sepulveda-Sanchez (State Bar No. 283326)

9
3320 W. Victory Blvd.
Burbank, CA 91505

10
T: 213 426 1051 | F: 213 426 1052
E: gabriel@sepulvedalawgroup.com

11

12
Attorneys for Plaintiffs JOHN FOWLER, ARTHUR STUCK,
JAVIER CARBAJAL, ELISEO BEDOY, JAMES MULLER,

13
and JAMES SHAFER

14

15
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 16 JOHN FOWLER, an individual, ARTHUR STUCK, an individual, JAVIER CARBAJAL, an individual, ELISEO BEDOY, an individual, JAMES MULLER, an individual, and JAMES SHAFER, an individual, | Case No. 17-cv-05397-JD |
| 17 | |
| 18 | (Assigned for all purposes to Judge James Donato, Ctrm. 11) |
| 19 | |
| 20 Plaintiffs, | **FIRST AMENDED COMPLAINT FOR DAMAGES:** |
| 21 v. | **1. FAILURE TO PAY MEAL AND REST PERIOD COMPENSATION (CAL. LABOR CODE §§ 226.7, 512, 558.1)** |
| 22 PENSKE LOGISTICS, LLC, a limited liability corporation, and DOES 1-10, | |
| 23 | |
| 24 Defendants. | **2. FAILURE TO PAY COMPENSATION FOR ALL HOURS WORKED AND MINIMUM WAGE VIOLATIONS (CAL. LABOR CODE §§ 216, 558.1, 1194, 1194.2, 1197)** |
| 25 | |
| 26 | |
| 27 | **3. FAILURE TO PROVIDE ACCURATE ITEMIZED** |
| 28 | |

- 1 -

STATEMENTS (CAL. LABOR
CODE § 226)

4. **WAITING TIME PENALTIES (CAL. LABOR CODE § 203)**

5. **FAILURE TO PAY ALL WAGES BY THE APPROPRIATE PAY PERIOD (CAL. LABOR CODE § 204)**

6. **PRIVATE ATTORNEY GENERAL ACT (CAL. LABOR CODE §§ 2698, ET SEQ.)**

7. **UNFAIR BUSINESS PRACTICES (CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200, ET SEQ.)**

**DEMAND FOR JURY TRIAL**

Plaintiffs JOHN FOWLER, ARTHUR STUCK, JAVIER CARBAJAL, ELISEO BEDOY, JAMES MULLER, and JAMES SHAFER (collectively "PLAINTIFFS"), complain and allege on information and belief the following against PENSKE LOGISTICS, LLC, a limited liability corporation, and DOES 1-10 (collectively "DEFENDANTS"):

## INTRODUCTION

1.   This case arises out of DEFENDANTS' systematic, company-wide, unlawful treatment of PLAINTIFFS in violation of numerous provisions of the California Labor Code and California's Unfair Compensation Law (Business and Professions Code Section 17200 et seq. ["UCL"]).

2.   Defendant PENSKE LOGISTICS, LLC operates supply chain management and logistics services for various vendors at warehouse, delivery, and distribution terminals in California and worldwide.  PENSKE LOGISTICS, LLC offers supply chain management solutions, including lead logistics and consulting services; warehousing and distribution services, such as warehouse design, warehouse operations, and network design; and transportation services, including dedicated contract carriage, transportation management solutions, and freight

- 2 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

brokerage.  PLAINTIFFS are current or former California based delivery truck drivers employed by PENSKE LOGISTICS, LLC and DOES 1-10.

3.     PLAINTIFFS allege in this lawsuit that they were not provided with lawful meal and rest periods as required by California state law.  PLAINTIFFS also allege that they were not compensated at the applicable state minimum wage for all time worked.  DEFENDANTS failed to compensate PLAINTIFFS for pre-trip work, including the time to obtain paperwork for the day and conduct pre-trip inspections, and for post-trip work, including post-trip inspections and the time necessary to complete required paperwork at the end of shifts.  PLAINTIFFS further allege that they were not paid the minimum wage for all time work based on DEFENDANTS' use of an unlawful piece-rate compensation plan that did not separately compensate drivers for non-piece rate work, including rest periods, and pre-and post-trip work.

4.     This action further alleges that PENSKE LOGISTICS, LLC and DOES 1-10 have violated California Business and Professions Code Section 17200, et seq., based on their violations of California's Labor laws pertaining to the payment of wages.

5.     The violations described in this lawsuit entitle PLAINTIFFS to unpaid wages, including minimum wage, all applicable statutory and civil penalties, including civil penalties recoverable pursuant to the Private Attorney General Act ("PAGA"), attorneys' fees, costs, and interest as well as injunctive relief.

## JURISDICTION AND VENUE

6.     DEFENDANT PENSKE LOGISTICS removed this action pursuant to 28 U.S.C. sections 1141, 1146, and 1332.

7.     DEFENDANTS are subject to personal jurisdiction as corporations conducting substantial and continuous commercial activities in California. This case arises from DEFENDANTS' wrongful conduct in California, where PENSKE LOGISTICS, LLC and DOES 1-10 employed PLAINTIFFS.

8.     Venue is proper pursuant to 28 U.S.C. § 1441 because this Court is the district court of the United States which embraces the place where the state court action was pending --

- 3 -

1
2
3
4

Alameda Superior Court.  Additionally, DEFENDANTS are deemed to reside in this district

under 1391(c) because they are subject to personal jurisdiction in the district.

9.       Intradistrict assignment: Assignment to the San Francisco/Oakland District is

proper because this is the Court to which the case was assigned after removal.

5

**PARTIES**

6
7
8

10.      Plaintiff JOHN FOWLER is a resident of Tracy, California in San Joaquin County**.**

JOHN FOWLER was formerly employed by PENSKE LOGISTICS, LLC and DOES 1-10 as a

driver at the Patterson Terminal from approximately April 2010 to July 2013**.**

9
10
11

11.      Plaintiff ARTHUR STUCK ("STUCK") is a resident of Modesto, California in

Stanislaus County. ARTHUR STUCK is currently employed by PENSKE LOGISTICS, LLC and

DOES 1-10 as a driver at the Patterson Terminal from approximately 2008 to the present.

12
13
14
15
16

12.      Plaintiff JAVIER CARBAJAL ("CARBAJAL") is a resident of Stockton,

California in San Joaquin County.  JAVIER CARBAJAL was formerly employed by PENSKE

LOGISTICS, LLC and DOES 1-10 as a driver at the Patterson Terminal from approximately June

2010 to June 2015; at the Stockton Terminal from approximately 2010 to 2014; and at the Ontario

Terminal in 2014.

17
18
19
20

13.      Plaintiff ELISEO BEDOY ("BEDOY") is a resident of Modesto, California in

Stanislaus County. ELISEO BEDOY was formerly employed by PENSKE LOGISTICS, LLC

and DOES 1-10 as a driver at the Patterson Terminal from approximately September 2010 to

August 2014.

21
22
23

14.      Plaintiff JAMES MULLER ("MULLER") is a resident of Patterson, California in

Stanislaus County.  Plaintiff MULLER is currently employed by PENSKE LOGISTICS, LLC

and DOES 1-10 as a driver at the Patterson Terminal from approximately 2007 to October 2017.

24
25
26

15.      Plaintiff JAMES SHAFER is a resident of Modesto, California in Stanislaus

County.  PLAINTIFF SHAFER is currently employed by PENSKE LOGISTICS, LLC and

DOES 1-10 and has worked for PENSKE LOGISTICS, LLC and DOES 1-10 since June, 1996.

27
28

- 4 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16.     PLAINTIFFS are informed, believe, and allege that DEFENDANTS have been

doing business in California at all relevant times.  Defendant PENSKE LOGISTICS, LLC, is a

Delaware limited liability corporation which has been doing business in California at all relevant

times.

17.     Section 2(G) of Industrial Wage Commission ("IWC") Order Number 9-2004

defines an "employer" as any "person as defined in Section 18 of the [California] Labor Code,

who directly or indirectly, or through an agent or any other person, employs or exercises control

over the wages, hours, or working conditions of any person."  PLAINTIFFS are informed,

believe, and allege that PENSKE LOGISTICS, LLC and DOES 1-10 directly, indirectly, or acting

through the agency of each other, employ or exercise control over the wages, hours, or working

conditions of PLAINTIFFS.  Furthermore, on information and belief, a centralized payroll and

accounting system is used to pay the wages of PLAINTIFFS.  Specifically, PENSKE

LOGISTICS, LLC and DOES 1-10 pay the wages and other benefits of all PLAINTIFFS and

direct and control, with the assistance of or through the other named PENSKE LOGISTICS, LLC

and DOES 1-10, the terms and conditions of all PLAINTIFFS' employment.  Accordingly,

PENSKE LOGISTICS, LLC and DOES 1-10 are deemed employers of PLAINTIFFS.

18.     The true names and capacities of Defendants named as DOES 1-10, inclusive,

whether individual, corporate, associate, or otherwise, are unknown to PLAINTIFFS, who

therefore sue such Defendants by such fictitious names.  PLAINTIFFS will amend this Complaint

to show true names and capacities when they have been determined.

19.     At all times mentioned, DEFENDANTS, and each of them, were the agents,

representatives, employees, successors, assigns, parents, subsidiaries, and / or affiliates, each of

the other and, at all pertinent times, were acting within the course and scope of their authority as

such agents, representatives, employees, successors, assigns, parents, subsidiaries, and / or

affiliates.  PLAINTIFFS also allege that DEFENDANTS were, at all relevant times, the alter egos

of each other.  All references made to DEFENDANTS herein is intended to include all of the

named Defendants as well as the DOE Defendants.  Each of the fictitiously named DOE

- 5 -

1

2

Defendants is responsible in manner for the occurrences alleged and proximately caused

PLAINTIFFS' damages.

3

### FACTS COMMON TO ALL CAUSES OF ACTION

4

5

6

20.     PLAINTIFFS worked as California based truck drivers and are current or former

employees of PENSKE LOGISTICS, LLC and DOES 1-10.  All PLAINTIFFS worked at the

Patterson Terminal. In addition to the Patterson Terminal, Plaintiff CARBAJAL also worked at

7

the Stockton Terminal and the Ontario Terminal.

8

9

21.     Throughout PLAINTIFFS' employment with PENSKE LOGISTICS, LLC and

DOES 1-10, DEFENDANTS routinely failed to provide PLAINTIFFS with legally compliant

10

meal or rest periods or compensation in lieu thereof as required by California law.

11

12

22.     Specifically, DEFENDANTS fail to provide a meal period where drivers are

relieved of their duty for a thirty (30) minute period within the first five (5) hours of their shift or

13

pay the premium compensation for the missed or late meal period.

14

15

23.     This is because DEFENDANTS only observe federal Hours of Service ("HOS")

requirements and instruct drivers like PLAINTIFFS to take a meal period before the conclusion

16

of the eighth hour instead of the fifth.  Specifically, drivers were instructed to take their meal

17

18

period after the sixth hour and before the eighth hour of their shift, instead of before the

conclusion of the fifth hour as required by California law.  In fact, DEFENDANTS emphasized

19

20

that drivers should take their meal break on or near the eighth hour, which would prevent drivers

from becoming entitled to a second meal period for longer shifts under federal HOS rules.

21

22

24.     Even if drivers wanted to take their meal period before the conclusion of the fifth

hour, DEFENDANTS dissuaded and discouraged drivers from doing so by overloading their

23

schedules with demanding deliveries and assignments. Given the heavy volume of work and

24

25

pressure to make on-time deliveries, it is difficult -- if not impossible -- for drivers to take a meal

period before the conclusion of the fifth hour and also meet all delivery deadlines.  Drivers could

26

face discipline for not completing their deliveries and assignments in a timely fashion.

27

28

- 6 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

25.     In addition, drivers never receive a second meal period for shifts in excess of ten (10) hours and also do not receive the premium compensation for the missed second meal period. As noted above, drivers were instructed to take their first meal period between the sixth and eighth hours of their shift, which would ensure that they would not become entitled to a second meal period if they drove the maximum of fourteen (14) hours in a day.  There is no evidence that PLAINTIFFS have agreed to waive their right to a second meal period with respect to shifts lasting more than ten (10) hours but less than twelve (12) hours.

26.     Moreover, DEFENDANTS fail to provide rest periods or compensate PLAINTIFFS for missed rest periods despite their knowledge that such periods are not made available to them.  Specifically, pursuant to established policies and procedures applicable to PLAINTIFFS, DEFENDANTS fail to provide drivers with a ten (10) minute, work-free rest period for shifts lasting between two (2) and six (6) hours.  They are also not provided a second rest period for shifts lasting six (6) to ten (10) hours or a third rest period for shifts in excess of ten (10) hours.  DEFENDANTS did not pay PLAINTIFFS the premium compensation for these missed rest periods despite knowing that such rest periods have not been made available to PLAINTIFFS.

27.     In addition to violating California's wage and hour laws with respect to meal and rest periods, DEFENDANTS fails to pay drivers the applicable state minimum wage for all hours worked at the Patterson Terminal.  In California, by law, any time which is not compensated automatically constitutes a minimum wage violation.  (See *Armenta v. Osmose, Inc.* (2005) 135 Cal.App.4th 314, 324).  DEFENDANTS fail to pay PLAINTIFFS the required minimum wage for all hours worked despite being under DEFENDANTS' control and performing work which benefits DEFENDANTS.  DEFENDANTS failed to pay PLAINTIFFS for certain pre-trip work, including the time required to obtain paperwork at the start of drivers' shifts and to conduct a pre-trip inspections. Certain post-work trip was also not compensated, including post-trip inspections and the time required to complete paperwork at the conclusion of shifts.  Further, PLAINTIFFS

- 7 -

1

2
were not compensated for delays caused by breakdowns of their trucks unless the delay exceeded

3
an hour.

4
28.     At the Patterson Terminal, DEFENDANTS compensated PLAINTIFFS through

5
use of a piece-rate pay system which is based on miles driven ("zone pay") as opposed to an

6
hourly wage method.  The piece-rate system only compensated drivers for time spent driving.

7
Drivers at the Patterson Terminal were not paid for other time during which they were under the

8
employer's control, including pre- and post-trip inspections, filling out paperwork, and waiting to

9
get assignments, rest periods, and delays.  After briefly doing away with the zone pay system,

10
PENSKE LOGISTICS, LLC and DOES 1-10 brought a modified form of the zone pay system

11
back to the Patterson terminal resulting in the same violations described above.

12
29.     PENSKE LOGISTICS, LLC and DOES 1-10 also provided inaccurate wage

13
statements to PLAINTIFFS.  The wage statements do not show the correct total hours worked, the

14
correct gross pay earned, and the correct net wages earned, among other deficiencies.  This causes

15
injury because it makes it more difficult for PLAINTIFFS to determine what compensation they

16
are owed but were not paid.

17
30.     PLAINTIFFS who separated their employment with PENSKE LOGISTICS, LLC

18
and DOES 1-10 were also not provided with all wages due upon termination or resignation.  This

19
is prohibited practice in California.

20
31.     Overall, the violations of the law described herein were willful and done according

21
to DEFENDANTS' established policies and procedures, as applicable to PLAINTIFFS.

**FIRST CAUSE OF ACTION**

22
FAILURE TO PAY MEAL AND REST PERIOD COMPENSATION

23
(Cal. Lab. Code §§ 226.7, 512, 558.1)

24
By PLAINTIFFS against DEFENDANTS.

25
32.     PLAINTIFFS reallege and incorporate, by reference, as though fully set forth, the

26
allegations contained in paragraphs 1 to 32.

27

28
- 8 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

33.     Throughout PLAINTIFFS' employment with DEFENDANTS, DEFENDANTS failed to make available to PLAINTIFFS uninterrupted, work-free thirty (30) minute meal periods in accordance with the requirements of California law.  DEFENDANTS failed to provide a meal period or timely meal period for shifts in excess of five (5) hours worked, failed to provide a second meal period for shifts in excess of ten (10) hours, and failed to compensate employees for these missed or late meal periods, as required by law.

34.     Throughout PLAINTIFFS' employment with DEFENDANTS, DEFENDANTS failed to make available to PLAINTIFFS a rest period for shifts lasting four (4) hours or a major fraction thereof, as required by law, and failed to compensate them for missed rest periods.

35.     PLAINTIFFS are informed, believe, and, thereon, allege, that the failure of DEFENDANTS to make available meal and rest periods and to compensate PLAINTIFFS for these missed meal and rest periods was willful, purposeful, and unlawful and done in accordance with the policies and practices of DEFENDANTS' operations.

36.     As a proximate cause of these violations, PLAINTIFFS have been damaged in an amount according to proof at the time of trial, but in an amount in excess of the jurisdiction of this Court.  PLAINTIFFS are entitled to recover the unpaid balance of wages owed, penalties, including penalties available pursuant to California Labor Code Sections 226, 226.7, 558, interest, reasonable attorney fees, and costs of suit pursuant to California Labor Code Sections 218.5 and 1194, et seq.

<u>SECOND CAUSE OF ACTION</u>

FAILURE TO PAY COMPENSATION FOR ALL HOURS WORKED AND MINIMUM

WAGE VIOLATIONS

(Cal. Lab. Code §§ 216, 558.1, 1194, 1194.2, 1197)

By PLAINTIFFS against DEFENDANTS.

37.     PLAINTIFFS reallege and incorporate, by reference, as though fully set forth, the allegations contained in paragraphs 1 to 37.

- 9 -

38.     PLAINTIFFS brings this action to recover unpaid compensation for all hours

worked, defined by the IWC as the time during which an employee is subject to the control of an

employer, including all the time the employee suffers or is permitted to work, whether or not

required to do so.

39.     DEFENDANTS' conduct described in this Complaint violates California Labor

Code Sections 216, 1194, 1194.2, and 1197, among other things.

40.     DEFENDANTS failed to pay PLAINTIFFS the minimum wage for all of the

actual hours worked even though PLAINTIFFS were providing services to DEFENDANTS and

were under DEFENDANTS' control.  DEFENDANTS knew or should have known that

PLAINTIFFS were working these hours for which they were not paid.

41.     PLAINTIFFS are entitled to recover the unpaid balance of compensation

DEFENDANTS owe PLAINTIFFS, plus interest on that amount, liquidated damages pursuant to

California Labor Code Section 1194.2, reasonable attorney fees, and costs of this suit pursuant to

California Labor Code Section 1194.

42.     PLAINTIFFS are also entitled to additional penalties and/or liquidated damages

pursuant to statute.

///

### THIRD CAUSE OF ACTION

FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS

(Cal. Lab. Code § 226)

By PLAINTIFFS against PENSKE LOGISTICS, LLC and DOES 1-10.

43.     PLAINTIFFS reallege and incorporate, by reference, as though fully set forth, the

allegations contained in paragraphs 1 to 43.

44.     PENSKE LOGISTICS, LLC and DOES 1-10 failed to provide PLAINTIFFS with

accurate itemized statements as required by California Labor Code Section 226.

45.     PLAINTIFFS are informed, believe, and allege that the failure of PENSKE

LOGISTICS, LLC and DOES 1-10 to provide accurate itemized wage statements was knowing

- 10 -

and intentional.  PLAINTIFFS have suffered injury as a result of PENSKE LOGISTICS, LLC

and DOES 1-10's actions in this regard in that they must expend additional time and incur

expenses that otherwise would not have been expended or incurred in order to determine the

amount of wages they are owed but were never paid.  As a result, PLAINTIFFS are entitled to

recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a

violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent

pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) and are entitled

to an award of costs and reasonable attorney fees.

### FOURTH CAUSE OF ACTION

WAITING TIME PENALTIES

(Cal. Lab. Code § 203)

By PLAINTIFFS FOWLER, CARBAJAL, BEDOY, and MULLER against PENSKE

LOGISTICS, LLC and DOES 1-10.

46.    PLAINTIFFS reallege and incorporate, by reference, as though fully set forth, the

allegations contained in paragraphs 1 to 46.

47.    Pursuant to California Labor Code Section 201, if an employer discharges an

employee, the wages earned and unpaid at the time of the discharge are due and payable

immediately.  Pursuant to California Labor Code Section 202, if an employee quits his or her

employment, the wages earned and unpaid at the time of the discharge are due and payable within

seventy-two (72) hours of resignation.

48.    PLAINTIFFS FOWLER, CARBAJAL, BEDOY, and MULLER were either

terminated by PENSKE LOGISTICS, LLC and DOES 1-10 or have resigned from their

employment with PENSKE LOGISTICS, LLC and DOES 1-10.  To this day, PLAINTIFFS have

not received all of the wages and other compensation they rightfully earned.

49.    PENSKE LOGISTICS, LLC and DOES 1-10, and each of them, willfully refused

and continue to refuse to pay PLAINTIFFS FOWLER, CARBAJAL, BEDOY, and MULLER all

wages earned, including overtime compensation, in a timely manner, as required by California

- 11 -

1

2
Labor Code Section 203.  PLAINTIFFS therefore request restitution and penalties pursuant to

California Labor Code Section 203.

3

4
### FIFTH CAUSE OF ACTION

FAILURE TO PAY ALL WAGES BY THE APPROPRIATE PAY PERIOD

5

6
(Cal. Lab. Code § 204)

By PLAINTIFFS against PENSKE LOGISTICS, LLC and DOES 1-10.

7

8
50.     PLAINTIFFS reallege and incorporate, by reference, as though fully set forth, the

allegations contained in paragraphs 1 to 50.

9

10
51.     During the applicable statute of limitations period, Labor Code Section 204

applied to PENSKE LOGISTICS, LLC and DOES 1-10's employment of PLAINTIFFS.  At all

11

12
relevant times, California Labor Code Section 204 provided that all wages earned by any

employee, such as PLAINTIFFS, in any employment between the first (1st) and fifteenth (15th)

13

14
days, inclusive, of any calendar month, other than those wages due upon termination of an

employee, are due and payable between the sixteenth (16th) and twenty-sixth (26th) day of the

15

16
month during which the work was performed.  Furthermore, at all relevant times, California

Labor Code Section 204 provides that all wages earned by any employee, such as PLAINTIFFS,

17

18
in any employment between the sixteenth (16th) and the last day, inclusive, of any calendar

month, other than those wages due upon termination of an employee, are due and payable

19
between the first (1st) and tenth (10th) day of the following month.

20

21
52.     During the statute of limitations period, PENSKE LOGISTICS, LLC and DOES 1-

10 failed to pay PLAINTIFFS wages for all hours worked.

22

23
53.     During the statute of limitations period, PENSKE LOGISTICS, LLC and DOES 1-

10  failed to pay PLAINTIFFS for all wages earned, and, therefore, violating California Labor

24

25
Code Section 204.  Accordingly, PLAINTIFFS are entitled to recover all damages, penalties, and

other remedies available for violation of California Labor Code Section 204.

26

27
### SIXTH CAUSE OF ACTION

PRIVATE ATTORNEY GENERAL ACT

28

- 12 -

(Cal. Lab. Code §§ 201-203, 204, 210, 216, 225.5, 226.3, 226.7, 512, 558, 558.1, 1174, 1174.5, 1194, 1197, 1197.1, 1199, 2699, et seq.)

By PLAINTIFFS STUCK, MULLER, and SHAFER against DEFENDANTS.

54.     PLAINTIFFS reallege and incorporate, by reference, as though fully set forth, the allegations contained in paragraphs 1 to 54.

55.     PLAINTIFFS allege that on or about July 19, 2016, they provided written notice to the Labor and Workforce Development Agency ("LWDA") and DEFENDANTS of the specific violations of the California Labor Code that DEFENDANTS have violated and continue to violate.  PLAINTIFFS provided a supplemental notice to the LWDA on September 13, 2016.

56.     The LWDA did not respond to PLAINTIFFS within 60 days of receiving PLAINTIFFS' notice.

57.     Pursuant to California Labor Code Section 2699.3(a)(2)(A), PLAINTIFFS have exhausted all administrative procedures required of them under California Labor Code Sections 2698, 2699, and 2699.3.  As a result, PLAINTIFFS are justified as a matter of right in bringing forward this cause of action.

58.     As a result of all of these alleged acts, PLAINTIFFS seek penalties under California Labor Code Sections 2698 and 2699 because of DEFENDANTS' violations of numerous provisions of the California Labor Code.

59.     Pursuant to California Labor Code Section 2699, PLAINTIFFS should be awarded twenty-five percent (25%) of all penalties due under California Law, including attorney fees and costs.

**SEVENTH CAUSE OF ACTION**

UNFAIR BUSINESS PRACTICES

(Cal. Bus. & Prof. Code § 17200, et seq.)

By PLAINTIFFS against PENSKE LOGISTICS, LLC and DOES 1-10.

60.     PLAINTIFFS reallege and incorporate, by reference, as though fully set forth, the allegations contained in paragraphs 1 to 60.

- 13 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

61.     PENSKE LOGISTICS, LLC and DOES 1-10's violations of the employment laws and regulations, as alleged in this Complaint, include, among other things, PENSKE LOGISTICS, LLC and DOES 1-10: (1) failure and refusal to provide legally compliant meal and rest periods or compensation in lieu thereof; and (2) failure and refusal to pay the minimum wage for all hours worked.  The aforementioned violations constitute unfair business practices in violation of the Unfair Competition Law, codified in California Business and Professions Code Section 17200, et seq.

62.     As a result of PENSKE LOGISTICS, LLC and DOES 1-10's unfair business practices, PENSKE LOGISTICS, LLC and DOES 1-10  have reaped unfair benefits and illegal profits at the expense of PLAINTIFFS and members of the general public.  PENSKE LOGISTICS, LLC and DOES 1-10 should be compelled to restore such monies to PLAINTIFFS. In addition, injunctive relief, both preliminary and permanent, should be granted in order to stop the unlawful labor practices and violations of the California Labor Code discussed herein.

- 14 -

**PRAYER FOR RELIEF**

**WHEREFORE**, PLAINTIFFS pray for relief as follows:

1.    For payment of all wages owed to PLAINTIFFS including, but not limited to, all

minimum wage pay, and liquidated damages;

2.    For restitution of all wages, including minimum wage pay and meal and rest

period pay, due to PLAINTIFFS from the unlawful business practices;

3.    For waiting time penalties pursuant to California Labor Code § 203;

4.    For all statutory and civil penalties recoverable by law, including those available

under Labor Code §§ 2698, *et seq.*;

5.    For interest accrued to date;

6.    For costs of the suit incurred;

7.    For attorney fees and costs pursuant to California Labor code Sections 218.5, 226,

1021.5, 1194, 2698, et seq., and all other applicable law;

8.    For Injunctive relief to stop the unlawful labor and employment practices; and

9.    For such other and further relief that the Court may deem just and proper.

Dated: June 21, 2018                     ALEXANDER KRAKOW + GLICK, LLP


By: /s/ Michael Morrison
Michael S. Morrison
Attorney for Plaintiffs JOHN FOWLER,
ARTHUR STUCK, JAVIER CARBAJAL,
ELISEO BEDOY, JAMES MULLER, and JAMES
SHAFER

- 15 -

1

## **DEMAND FOR JURY TRIAL**

2

PLAINTIFFS further request a trial by jury on all issues so triable.

3

4

5      Dated: June 21, 2018                    ALEXANDER KRAKOW + GLICK, LLP

6

7                                             By: /s/Michael Morrison

8                                             Michael S. Morrison
                                              Attorney for Plaintiffs JOHN FOWLER,
                                              ARTHUR STUCK, JAVIER CARBAJAL,
9                                             ELISEO BEDOY, JAMES MULLER, and JAMES
                                              SHAFER
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 16 -

## CERTIFICATE OF SERVICE

I, Michael S. Morrison, an employee in the City of Los Angeles, certify that on June 21, 2018, caused a true and correct copies of the foregoing be filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following counsel who has registered for receipt of documents filed in this matter:

## FIRST AMENDED COMPLAINT FOR DAMAGES

| *Counsel for Defendants*: | *Co-Counsel for Plaintiff*: |
|---|---|
| Christopher C. McNatt, Jr., Esq.<br>Megan E. Ross, Esq.<br>SCOPELITIS GARVIN LIGHT<br>    HANSON & FEARY, LLP<br>2 North Lake Avenue, Suite 460<br>Pasadena, California 91101<br>Tel:    626 795 4700<br>Fax:    626 795 7090<br>Email:  Cmcnatt@scopelitis.com<br>        Mross@scopelitis.com | Gabriel Sepulveda-Sanchez, Esq.<br>SEPULVEDA SANCHEZ LAW, PC<br>3320 W. Victory Boulevard<br>Burbank, California 91505<br>T:      213 426 1051<br>F:      213 426 1052<br>E:      gabriel@sepulvedalawgroup.com |
| Adam C. Smedstad, Esq.<br>SCOPELITIS GARVIN LIGHT<br>    HANSON & FEARY, P.C.<br>30 W. Monroe Street, Suite 600<br>Chicago, Illinois 60603<br>Tel:    312 255 7200<br>Fax:    312 422 1224<br>Email: asmedstad@scopelitis.com | Michael Parker, Esq.<br>M.R. PARKER LAW, P.C.<br>6700 Fallbrook Avenue, Suite 290<br>Woodland Hills, California 91307<br>T:      818 334 5711<br>F:      818 394 6448<br>E:      michael@mrparkerlaw.com |

June 21, 2018              ALEXANDER KRAKOW + GLICK LLP

By:    s/ Michael S. Morrison
       MICHAEL S. MORRISON
       1900 Avenue of the Stars, Suite 900
       Los Angeles, CA 90067
       Attorneys for Plaintiff,
       JOHN FOWLER, ARTHUR STUCK, JAVIER
       CARBAJAL, ELISEO BEDOY, JAMES MULLER
       and JAMES SHAFER